Hillsborough, }
Mar. 3, 1953. } No. 4192.

ALBERT THOMAS *v.* THOMAS F. O'BRIEN, *Sheriff.*

112

*William G. McCarthy* (by brief and orally), for the petitioner.

*Gordon M. Tiffany,* former Attorney General, *Louis C. Wyman,* Attorney General, *Maurice M. Blodgett,* former Deputy Attorney General and *Conrad Danais,* County Solicitor (*Mr. Wyman* orally), for the defendant.

KENISON, C. J.  An examination of the requisition papers shows that the petitioner is substantially charged with the crime of kidnaping in the second degree. Remington, Rev. Statutes of Wash., s. 2410-1 (2). There is no question raised as to the petitioner's identity. The principal basis for the petition is that the petitioner is not a fugitive from justice from the state of Washington and that the requisition papers are inadequate and incorrect. Both of these questions may be properly considered under a petition for a writ of *habeas corpus.* Hinz v. Perkins, 97 N. H. 114. The Uniform Criminal Extradition Act has been adopted in this state (R. L., c. 437) but does not appear to have been adopted in the state of Washington. 9 Uniform Laws Anno. 169 (1951). Consideration of the petition for *habeas corpus* in this state will be governed by the provisions of the Uniform Act. The petitioner's claim that he is not a fugitive from justice is based solely on the defendant's testimony who was the only witness that testified in the proceeding. The defendant was called by petitioner's counsel and was asked this question. "Have you ever seen him [the petitioner] outside of the State of New Hampshire? A. No, sir." Petitioner's counsel then rested and opposing counsel inquired: "Is that your case?" to which petitioner's counsel replied: "That's my case." No further testimony was introduced and after argument the petition was dismissed upon motion made in behalf of the defendant.

The defendant's testimony that he had not seen the petitioner outside the state of New Hampshire does not disprove the requisi-

tion papers which state the petitioner is a fugitive from justice. *Fortier* v. *Frink*, 92 N. H. 50, 51. The fact that the defendant had not seen the petitioner in the state of Washington does not prove that the petitioner was not there or that others did not see him there. The requisition papers made out a proper case for the petitioner's return and this evidence was insufficient to call for the issuance of *habeas corpus*. *State* v. *Clough*, 71 N. H. 594; *Hinz* v. *Perkins*, 97 N. H. 114. The requisition papers support the proposition that the petitioner left the demanding state after the commission of the alleged offense and it is admitted that he is now in this state. This supports a finding that the petitioner is a fugitive from justice. *Pearson* v. *Campbell*, 97 N. H. 444; R. L., c. 437, s. 2; *Bracco* v. *Wooster*, 91 N. H. 413.

The requisition papers do not contain a personal description of the petitioner or other identification other than his name and the date and place of the alleged crime. Such a description is not a mandatory requirement of the statute and the absence of even more pertinent allegations have been held not to make the rendition invalid. *Petition of Harris*, 309 Mass. 180; *Higley* v. *Millspaw*, 281 N. Y. 441, 446. The necessity of forwarding a personal description of the alleged fugitive from justice is absent where the identity of the petitioner is not disputed and that is the state of the record in this case.

The argument that the proceeding is instituted "to satisfy some personal desire or grudge" is not open to the petitioner in this proceeding. *Pearson* v. *Campbell*, 97 N. H. 444, 445; *Gerrish* v. *State of New Hampshire*, 97 F. Supp. 527.

*Exception overruled.*

All concurred.