JOHN LEE BAILEY *v.* STATE OF INDIANA.

[No. 1172S152.  Filed May 24, 1973.]

*Ronald Warrum*, of Evansville, for appellant.

*Theodore L. Sendak*, Attorney General, *Stephen J. Cuthbert*, Deputy Attorney General.

ARTERBURN, C.J.—This appeal is from a denial by the Posey Circuit Court of a petition for a writ of habeas corpus. The Appellant originally was arrested by the Appellee, Sheriff Cox, in Mt. Vernon, Indiana, on May 22, 1971, on the basis of a warrant for arrest from the Lima Municipal Court, Lima, Ohio. Said warrant existed in the sheriff's files when he took office.

Under the Uniform Criminal Extradition Act, IC 1971, 35-4-3-15 [*Burns' Ind. Stat. Ann.* § 9-432 (1956 Repl.)], a procedure is established for the arrest of a person sought by the authorities of a sister state:

> "The arrest of a person may be lawfully made also by an officer or a private citizen without a warrant upon reasonable information that the accused stands charged in the courts of another state with a crime punishable by death or imprisonment for a term exceeding one year; but when so arrested the accused must be taken before a judge or magistrate with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest . . ."

The sheriff did not take the Appellant before a judge or a magistrate with all practicable speed after the arrest; however, about three weeks later he accepted a bond for Appellant's release in the amount of three thousand dollars ($3000). The Appellant contends that his original arrest and detention was illegal and invalidates the present right of the sheriff to detain him. However, in our opinion what took place with reference to the original arrest

has no significance or relevancy for the reason that thereafter the Governor of the State of Indiana issued a warrant for the arrest of the Appellant pursuant to a valid request for extradition by the Governor of Ohio. The validity of the arrest made under that warrant cannot be impeached by any acts of the sheriff prior thereto. We need not, therefore, determine the legality or illegality of the act of the sheriff prior to the time the warrant was issued by the Governor to extradite the Appellant. An illegal arrest does not vitiate the jurisdiction of a criminal court. *Bryant* v. *State* (1972), 257 Ind. 679, 278 N. E. 2d 576; *Holguin* v. *State* (1971), 256 Ind. 371, 269 N. E. 2d 159; *Smith* v. *State* (1957), 237 Ind. 244, 143 N. E. 2d 408; 22 C. J. S. *Criminal Law* § 144 at 382-84 (1961).

Appellant contends that there is no probable cause demonstrated for the issuance of the Governor's warrant for his arrest. We are controlled by the statute in that respect, IC 1971, 34-4-3-3 [*Burns' Ind. Stat. Ann.* § 9-421 (1956 Repl.)] which reads as follows:

> "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth."

This statute requires the production of certain papers and the certification thereof which, when produced, make out a prima facie case of probable cause.

Since it is the detention resulting from the Governor's warrant that is the issue in this case inquiry must be made as to whether the documents filed with the Governor of the

State of Indiana were sufficient to give that office probable cause to issue a warrant for the arrest of John Bailey. In our view the above quoted statute was satisfied in that the requisition papers sent to Indiana by the Ohio authorities included:

1. A properly authenticated charging affidavit which was made before the judge of the Lima Municipal Court.

2. A clerk's certificate authenticating the affidavit and warrant.

3. A Judge's certificate attesting to the authority of the clerk.

4. A clerk's certificate attesting to the authority of the judge.

5. The warrant to arrest.

6. Affidavits made by the prosecuting attorney in Lima, Ohio, stating facts known to him which were reasons for the seeking of interstate rendition.

In addition, the Ohio Governor certified that the extradition papers were duly authenticated and appointed an agent to convey the fugitive to the state of Ohio. We think that these documents were sufficient to establish probable cause for the Indiana Governor's arrest warrant. The Appellant fails to point out in what way the Governor's arrest warrant is defective and does not specify how the Governor failed to comply with the applicable statute, that being: IC 1971, 35-4-3-8 [*Burns' Ind. Stat. Ann.* § 9-425 (1956 Repl.)] which states:

"If the governor shall decide that the demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the state seal, and be directed to a sheriff, marshall, coroner, or other person whom he may think fit to entrust with the execution thereof; and the warrant must substantially recite the facts necessary to the validity of its issue."

We note that the United States Constitution, Art. 4, § 2, ¶ 2 makes it mandatory, upon the demand of the governor of

one state, to deliver up a fugitive in another state without any reference to a determination by the governor of the asylum state of probable cause for the demand. This constitutional provision states:

> "A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

However, the Uniform Criminal Extradition Act does provide certain safeguards in the procedure by requiring the presentation of certain certified papers as to the existence of a valid charge against the fugitive in the demanding state. We may ask what right has the governor of the asylum state to review the issue of probable cause in the demanding state? In accordance with the Uniform Criminal Extradition Act and principles of comity, we must leave the resolution of that issue to the judiciary of the demanding state. We note that the demanding governor's warrant is signed, sealed, and contains a recital of the facts together with a certified copy of the charge against the fugitive. We find that the procedures employed here are in compliance with applicable constitutional provisions. It must be remembered that under the Uniform Criminal Extradition Act, the only issue for the governor of the asylum state is the identity of the fugitive. No inquiry may be made into the merits of the criminal charge or whether there is probable cause for the initiation of criminal proceedings in the demanding state. Those are all evidentiary issues to be heard and tried in the demanding state, not in a foreign jurisdiction. We are not impressed with the reasoning of *Kirkland* v. *Preston* (D. C. Cir. 1967), 385 F. 2d 670 cited by the Appellant which states that the asylum state may review the judgment or finding of probable cause in the demanding state.

The Appellant next contends that he was not sufficiently identified as "John Bailey Jr.," the person charged with the

crime of auto theft, named in the warrant and extradition papers in Ohio. Appellant contends that his name is John Lee Bailey and that he is not John Bailey, Jr. The record reveals that the defendant-sheriff had known John Lee Bailey for several years and so testified. Additionally, he testified that a Mr. Robison, the prosecuting party in Ohio in his presence and in the presence of the plaintiff, identified John Lee Bailey as the person also known to him as John Bailey Jr. and as the party wanted in Ohio. In our view these facts clearly established a prima facie case of identity of the plaintiff as being the fugitive from Ohio. In Indiana, it is well settled that once the state establishes a prima facie case of identity the person so identified must bring forward affirmative evidence to overcome the presumption of identification.

> "It is generally held that the burden of going forward with evidence as to identity shifts to the prisoner where the prima facie case of identity is made out as by a presumption which arises from the identity of the names used. There is no question of an alias or assumed name in this case. . . ."

*Notter* v. *Beasley* (1960), 240 Ind. 631, 640, 166 N. E. 2d 643, 648.

Appellant, however, further contends that it was error to admit the testimony of the sheriff that Robison identified Appellant Bailey in the presence of Appellant Bailey. The record shows that the Appellant placed sheriff Cox, the defendant, on the witness stand and interrogated him with reference to the arrest of John Lee Bailey whom he said he knew, and the warrants and papers that he served upon Bailey at the time of his arrest. The purpose of this examination evidently was to show that John Lee Bailey was not named in the warrant and that the Appellant was not the same person as named in the warrant, John Bailey, Jr. On cross-examination the sheriff stated that in the presence of John Lee Bailey, the Appellant herein, one Mr. Robison,

the complaining witness from Ohio, identified John Lee Bailey as also being John Bailey, Jr., the person wanted in Ohio. The Appellant objects to this testimony on the ground that it was hearsay. Reliable hearsay is competent and admissible evidence to establish probable cause. The same principle applies in extradition proceedings. The conversation or statements as to identification took place in the presence of the plaintiff in this case, with the plaintiff having the opportunity to remain silent or to deny the identification. The record does not disclose what his reaction was, however, nor does it disclose the reaction of the sheriff. The essence of the testimony was for the purpose of identification and we think that the Appellant having been pointed out in his own presence as John Bailey, Jr., is sufficient evidence to go to the Hearing Judge on the question of identification. The Appellant did not take the stand to deny this prima facie identification. It should be recognized that in extradition proceedings the court is not bound by the technical rules of evidence that apply in criminal cases. We are not trying a person for a crime, this is merely a question of identification. The issue presented in this habeas corpus proceeding, therefore, was whether or not John Bailey Jr. was the same person as John Lee Bailey.

> "In construing the evidence in habeas corpus proceedings, the court is not to be governed by the technical rules as in the case of a trial for a crime, but is to regard it liberally in favor of the demanding state."

39 C. J. S. *Habeas Corpus* § 39, at 548 (1944), *quoted in Notter v. Beasley* (1960), 240 Ind. 631, 638, 166 N. E. 2d 643, 647. We hold that the Appellant was sufficiently identified as the person sought by the State of Ohio.

Appellant also contends that there is no proof that he is guilty of the crime charged in Ohio. It is well settled that the guilt or innocence of a fugitive is a question to be determined in the demanding state and not in a habeas corpus proceeding in this state. *Sumner* v. *Lovellette* (1970), 253 Ind. 675, 256 N. E. 2d 681; *Notter* v. *Beasley*

(1960), 240 Ind. 631, 166 N. E. 2d 643; *Turner* v. *O'Neill* (1957), 237 Ind. 258, 145 N. E. 2d 1. IC 1971, 35-4-3-21 [*Burns' Ind. Stat. Ann.* § 9-438 (1956 Repl.)], provides:

"The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor except as it may be involved in identifying the person held as the person charged with the crime."

The Appellant contends that the defendant-sheriff filed an inadequate amended return to his complaint and that the court erred in overruling his motion to quash that amended return. IC 1971, 34-1-57-10 [*Burns' Ind. Stat. Ann.* § 3-1914 (1968 Repl.)], provides the form of the return to a writ of habeas corpus required in Indiana, and states:

"The return must be signed and verified by the person making it, who shall state,

First, the authority or cause of the restraint of the party in his custody.

Second, if the authority be in writing, he shall return a copy and produce the original on the hearing.

Third, if he has had the party in his custody or under his restraint, and has transferred him to another, he shall state to whom, the time, place and cause of his transfer. He shall produce the party on the hearing unless prevented by sickness or infirmity which must be shown in the return."

In reviewing the amended return of the service, we find that it fully complies with the form required by the statute. In addition, the extradition papers are attached to the return. Even the circumstances under which the plaintiff left the custody of the defendant are recited. It was therefore not error for the court to fail to quash the amended return. Finally, the Appellant asserts that the defendant, by failing to specifically deny certain of the allegations made in the plaintiff's complaint thereby admitted them under an appli-

cable trial rule. However, in reviewing the amended return we find that he did not fail to deny those allegations of the Appellant which he sought to contravert. Appellant suggests that by failing to deny that there was no probable cause for the arrest, the defendant-sheriff thereby admitted same. However, we believe that the defendant-sheriff did deny that allegation in paragraph three of his Amended Return and by attaching the charging affidavit which was signed by the Judge of the Lima, Ohio, Municipal Court. As we have noted, probable cause for the arrest of the Appellant was charged on the face of that affidavit. Fnding no error in the proceedings below, the judgment of the trial court is affirmed.

Givan, Hunter, JJ., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs.

DISSENTING OPINION

DeBruler, J.—The record of the proceeding before us in this appeal, in addition to presenting the evidence and proceedings in the trial court below, reflects the content of the proceedings held in the Ohio court, before the Ohio Governor, and before the Indiana Governor. The record establishes the following:

1. Appellant was charged in the Ohio court by affidavit rather than by indictment.

2. No order, determination, or assessment was made by the Ohio judge, Ohio Governor, or the Indiana Governor, which purports to find the existence of probable cause to believe appellant is the person who committed the crime of theft involved.

3. No facts were presented to the Ohio judge, Ohio Governor, Indiana Governor, Indiana habeas judge, or even to this Court which would support a determination of probable cause in accordance with federal constitutional standards.

This record was made by appellant in support of his claim that his arrest and detention upon the extradition warrant issued by the Governor of Indiana is unlawful, in that such

warrant was issued in contravention of the requirements of the Fourth and Fourteenth Amendments to the United States Constitution.

Appellant contends that the Fourth Amendment requires that an extradition warrant, issued by the Governor of an asylum state upon demand of the chief executive of a sister state, pursuant to the provisions of the Uniform Criminal Extradition Act, IC 1971, 35-4-3-1 through 35-4-3-31, being Burns §§ 9-419 through 9-448, be preceded by a determination of probable cause. Appellant argues that the record in the trial court demonstrates the absence of such a determination and that therefore his restraint upon the extradition warrant is unlawful, and as a result he was entitled to a judgment of discharge from the court below. I believe appellant's position is sound under the law and the record in this case.

Appellant relies heavily upon the reasoning of the case of *Kirkland* v. *Preston,* 385 F. 2d 670 (D. C. Cir. 1967). That court held in part that an arrest upon an extradition warrant is a criminal arrest and controlled by the Fourth Amendment. Such an arrest is for the purpose of procuring the body of the arrested person before a tribunal to answer to criminal charges. Such persons are placed in jail and are deprived of liberty in the same manner as others arrested on outright criminal warrants. There is no reason to exempt extradition warrants from the proscriptions of the Fouth Amendment. I agree that the issuance of extradition warrants is governed by the Fourth Amendment. *Haney* v. *State* (1955), 77 Ida. 166, 289 P. 2d 945. As such they are subject to the same requirements as ordinary arrests warrants are. In *Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N. E. 2d 500, we set the requirements for the issuance of valid arrest warrants. In that case we said:

> "We only hold that where, as here, an arrest is required to be made on a warrant that warrant can only issue on the basis of an affidavit setting forth facts and circumstances constituting probable cause, and that the deter-

mination of probable cause must be made by a 'neutral and detached magistrate.' " 251 Ind. at 517.

In so holding we applied the constitutional standards for probable cause mandated by the Fourth Amendment. *Aguilar* v. *Texas* (1963), 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723; *Giordenello* v. *U.S.* (1958), 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1502. Those same standards governed the constitutional validity of an arrest warrant in Indiana and Ohio throughout these proceedings. *Beck* v. *Ohio* (1964), 376 U.S. 905, 84 S. Ct. 664, 11 L. Ed. 2d 604. Since the record before our habeas judge clearly established that no determination of probable cause was made by any judge or any other official who might qualify as a neutral and detached magistrate, prior to the issuance of the extradition warrant by the Governor of this State, or at any other time for that matter, appellant was entitled to a judgment of discharge from custody.

Turning next to the documents presented to the Governor of Indiana, it is obvious that they cannot afford a basis for any probable cause determination. The charging affidavit, couched simply in conclusory language, does not constitute grounds for determining probable cause. *Kinnaird* v. *State, supra.* The factual affidavits of the prosecutor and the owner of the car allegedly stolen, when taken collectively do show knowledge of facts constituting the *corpus delicti* of the offense of car theft. However, neither alleged any facts known either personally or upon credible hearsay, that the appellant was in any way connected with the theft. The owner of the stolen car, after describing the loss of his car, states: "Affiant further states that he believes that the person taking said automobile was John Bailey, Jr., a man known to him." This affidavit cannot satisfy federal constitutional requirements. *Nathanson* v. *U.S.* (1933), 290 U.S. 41, 54 S. Ct. 11, 78 L. Ed. 159; *Jones* v. *U.S.* (1960), 362 U.S. 257, 80 S. Ct. 725, 4 L. Ed. 697.

Finally, I would say that there is no conflict between the requirements of Art. IV, § 2, cl. 2, of the United States Con-

stitution, and the requirements of the Fourth Amendment. Neither impinges upon the other. They are in harmony. A *person* is not *charged* by affidavit under Art. IV, § 2, cl. 2 until an arrest warrant is issued. *Kirkland* v. *Preston, supra.* The Fourth Amendment governs the issuance of an arrest warrant. So construed they serve to supplement one another.

The judgment of the trial court should be reversed and a judgment for appellant should be ordered.

Prentice, J., concurs.

NOTE.—Reported in 296 N. E. 2d 422.