GEORGE MEEK *v.* STATE OF INDIANA.

[No. 273S26. Filed January 10, 1975.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

ARTERBURN, J.—A hearing was held to determine whether or not Defendant should be extradited to Ohio. The State waived the filing of a habeas corpus petition so that the hearing itself became a habeas corpus hearing. Defendant was ordered extradited and he appealed. We have jurisdiction by virtue of Rule AP. 4(A)(9).

Defendant's court-appointed attorney filed an "Assignment of Errors" which preserved as the sole ground for appeal the claim that the verdict was not sustained by sufficient evidence. An appellate court should not weigh evidence or judge the credibility of witnesses. If, from the point of view most favorable to the State, there is probative evidence to support the verdict, then the verdict should be affirmed. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686, and cases cited therein. Furthermore, in extradition proceedings we are bound by the Uniform Extradition Act, IC 1971, 35-2.1-2-3 [Burns Ind. Ann. Stat. § 9-405 (1974 Supp.)]. That Act provides in pertinent part that:

> "The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as

above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."
*See also, Bailey* v. *Cox* (1973), 260 Ind. 448, 296 N.E.2d 422.

Where the evidence shows, as it did, that the name of the person requested by the demanding state is the same as that of the defendant, a prima facie case of identity is established, and the burden is upon the defendant to overcome this rebuttable presumption by affirmative evidence. *Notter* v. *Beasley* (1960), 240 Ind. 631, 166 N.E.2d 643, and cases cited therein. Defendant produced an alibi witness. He claims that this shows that he could not be the person sought by Ohio since he was not in Ohio on the day the crime was committed. However, an eye-witness to the alleged crime identified the Defendant at the extradition hearing as the perpetrator and as the person whose picture she identified for the Ohio police as the perpetrator. This testimony was sufficient for the trial judge to conclude that Defendant was the person wanted by Ohio.

Defendant's appellate attorney briefly discusses two issues which Defendant *pro se* attempted to preserve by filing a belated "Addendum to the Original Assignment of Errors." The first of these issues is the claim that there was an unreasonable delay of more than a month from the time Defendant was first taken into custody until the date of the hearing. Defendant is unable to refer us to any applicable law, rule, or case on point which would require his release for that amount of delay. He also raises an issue of ineffective assistance of counsel. The substance of this claim is that trial counsel failed to do certain acts which *might have* altered the weight of the identification evidence. Defendant has not presented the strong and convincing evidence needed to overcome the presumption of competent counsel. *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255. We find no merit in his argument. We do not second-guess trial tactics or strategy. *Blackburn* v. *State, supra; Robertson* v. *State* (1974), 262 Ind. 562, 319 N.E.2d 833.

For the reasons stated, the judgment and order of the trial court is affirmed.

All Justices concur.

NOTE.—Reported at 321 N.E.2d 205.