Merrimack
No. 7950

STEVEN WAYNE REEVES

v.

EDMOND COX, SUPERINTENDENT,
MERRIMACK COUNTY JAIL

April 25, 1978

*William E. Brennan*, of Manchester, by brief and orally, for the plaintiff.

*David H. Souter*, attorney general (*Edward N. Damon*, assistant attorney general, orally), for the State.

LAMPRON, J. This is an appeal from the denial of a petition for a writ of habeas corpus under RSA 612:10 contesting the proposed extradition of the plaintiff to the State of Utah. The plaintiff raised the issue of whether he was the person named in the requisition papers. At the hearing on plaintiff's petition, the State introduced the requisition papers from Utah. The papers identified the plaintiff by name and birth date, and gave the date and place of the offense. The plaintiff introduced a certified copy of his birth certificate which controverted the birth date given in the requisition papers. In rebuttal, the State introduced into evidence an affidavit from a Utah police officer, records of the county jail, and statements of the plaintiff. The Superior Court (*Cann*, J.) denied plaintiff's petition, and reserved and transferred all questions of law.

The plaintiff raises two issues on this appeal: (1) Whether the requisition papers from Utah are inadequate on their face, RSA 612:3, with respect to the information concerning the identity of the person demanded, and (2) whether the State introduced at the hearing (a) improper and (b) insufficient evidence identifying the plaintiff as the person demanded. For the reasons hereinafter indicated, we affirm.

An extradition proceeding can be divided into two phases: the proceedings before the Governor of the asylum State, and the challenge to extradition by a petition for a writ of habeas corpus. In the first phase, the Governor is presented with certain documents from the demanding State, RSA 612:3, and he can investigate the circumstances of the request. RSA 612:4. The questions the Governor must consider are whether the requisition papers are in order, whether the person demanded is substantially charged with a crime, and whether the person is a fugitive from justice. *State v. Clough*, 72 N.H. 178, 55 A. 554 (1903) *aff'd sub nom. Munsey v. Clough*, 196

U.S. 364, 372 (1905). Once the Governor makes these findings, it is his duty to issue a warrant for the person's arrest. RSA 612:2.

 The issue presented by the plaintiff requires us to determine how much the requisition papers themselves have to describe the person sought to be extradited in order to be valid even before identity is placed in issue at a habeas hearing. We have considered this question before, and have stated that the papers are sufficient if they contain the name of the person and the date and place of the offense. *Thomas v. O'Brien*, 98 N.H. 111, 95 A.2d 120 (1953). We find no reason to increase the minimum requirements of identification supplied by the requisitioning State in the papers. This is analogous to the arrest warrant situation where an individual's name alone is a sufficient description of the person. *See West v. Cabell*, 153 U.S. 78 (1894); *United States v. Jarvis*, 560 F.2d 494 (2d Cir. 1977); *People v. Montoya*, 255 Cal. App. 2d 137, 63 Cal. Rptr. 73 (1967), *cert. denied*, 390 U.S. 1007 (1968); F. Wharton, Criminal Procedure § 55 (12th ed. 1974). A different result would be required in this case if the requisition papers did not specifically name the person, or used a fictitious name, *e.g.*, John Doe. *Lee Gim Bor v. Ferrari*, 55 F.2d 86 (1st Cir. 1932); *see* 31 Am. Jur. 2d *Extradition* § 37 (1967); F. Wharton, *supra* § 114. *But see Cook v. Rodgers*, 215 Ind. 500, 20 N.E.2d 933 (1939).

 This does not end the inquiry of identity, however, for the person who is arrested has the right, through a petition for a writ of habeas corpus, to question whether he is the person named in the requisition papers. *Hinz v. Perkins*, 97 N.H. 114, 82 A.2d 423 (1951); *see* RSA 612:10, 20. At this stage of the proceedings the parties can present evidence to prove or disprove that the plaintiff is that person. *See, e.g., Debski v. State*, 115 N.H. 673, 348 A.2d 343 (1975); *Bracco v. Wooster*, 91 N.H. 413, 20 A.2d 640 (1941). If the evidence the State produces at the hearing consists of only the rendition papers, and the papers contain only the plaintiff's name and date of birth, there would not be sufficient evidence to support a finding that the plaintiff is the person requested. The State produced more than this in the present case, and we hold that on the evidence presented the trial court properly found that the plaintiff was the person named in the extradition papers.

The plaintiff's contentions that the trial court admitted improper evidence are without merit. The plaintiff challenges the use of an affidavit of a police officer from Salt Lake City, Utah. The officer states in the affidavit that he was one of the arresting officers in Utah,

and "consequently got a very good look at him." The Utah officer also states that he was in New Hampshire in May 1977 in order to testify at the habeas corpus hearing; however, the hearing was postponed at the request of plaintiff's counsel and the officer had to return to Utah. While he was waiting to testify, the officer states in the affidavit, he had an opportunity to observe the plaintiff for over two and one-half hours, and "[t]here is absolutely no doubt in my mind that the Steven Wayne Reeves I saw sitting in the Merrimack County Courtroom was the same Steven Reeves I arrested on March 22, 1976, in Salt Lake City, Utah."

 The plaintiff's first argument concerning the affidavit is that it is inadmissible because it was not authenticated by the Governor of Utah in accordance with RSA 612:3. Plaintiff's reliance on this section is misplaced because RSA 612:3 specifies the form of the demand required before the Governor of New Hampshire may issue his arrest warrant, and does not establish any rules concerning affidavits not included in the requisition papers that are used at a habeas corpus hearing. The affidavit referred to in RSA 612:3 is one made in the demanding State for the purpose of meeting the requirement that the demanding State "substantially charge the person demanded with having committed a crime under the laws of that State."

 Plaintiff's second contention is that the affidavit is hearsay which is inadmissible. We disagree. A habeas corpus proceeding contesting extradition is a summary proceeding in which very narrow issues can be raised by the plaintiff. The strictures of the trial rules of evidence are not applicable. 1 J. Wigmore, Evidence § 4(6) (3d ed. 1945). The issue here is whether this is the person who is charged in the demanding State and whose extradition is requested. The guilt or innocence of the plaintiff is not at issue. RSA 612:20; *see State v. St. Arnault*, 114 N.H. 216, 218, 317 A.2d 789, 790 (1974). It is because of this that the legal rules prescribing the competency of proof at a criminal trial do not govern the admission of evidence in extradition proceedings. *Glucksman v. Henkel*, 221 U.S. 508 (1911); *United States v. Flood*, 374 F.2d 554 (2d Cir. 1967); *People ex. rel Drake v. Oslwyn*, 51 App. Div. 2d 240, 380 N.Y.S.2d 666 (1976); *Salvail v. Sharkey*, 108 R.I. 63, 70, 271 A.2d 814, 818 (1970); Annot., 93 A.L.R.2d 912, 921 (1964). There is no reason why reliable hearsay should be excluded when disproportionate expense of time and money would be involved in having the officer return from Utah. *Perry v. Parker*, 101 N.H. 295, 297, 141 A.2d 883, 885 (1958); *see*

*United States v. Flood supra; Bailey v. State*, 260 Ind. 448, 296 N.E.2d 422 (1973).

 The plaintiff also argues that the Utah officer's affidavit is inadmissible because the identification of plaintiff was in violation of his sixth amendment rights in that his counsel was not present. This argument also lacks merit. This was not a critical stage of a criminal prosecution. *See United States v. Wade*, 388 U.S. 218 (1967); *Gilbert v. California*, 388 U.S. 263 (1967); *Kirby v. Illinois*, 406 U.S. 682 (1972). There is no need to import such exclusionary principles into an extradition proceeding. *United States v. Flood*, 374 F.2d 554 (2d Cir. 1967).

 Plaintiff's last contention involves his fifth amendment rights. At the hearing the plaintiff introduced his birth certificate to show that his birth date is April 14, 1952, and not April 14, 1947, as stated in the requisition papers. The State introduced evidence that the plaintiff had, on four separate occasions, stated to New Hampshire authorities that his birth date is April 14, 1947. The State also introduced testimony of a conversation the plaintiff requested with a New Hampshire police officer from which it could be concluded that plaintiff admitted being the person named in the requisition papers. The plaintiff claims that these statements should have been excluded under *Miranda v. Arizona*, 384 U.S. 436 (1966). *Miranda* has been held not to apply to habeas corpus hearings which are incident to extradition proceedings. *United States v. Flood supra*. Because the guilt or innocence of the plaintiff is not at issue, we agree with the *Flood* court and hold that *Miranda* does not apply to extradition proceedings.

The evidence before the trial court, *i.e.*, the requisition papers, the affidavit of the Utah police officer, and the plaintiff's admissions, is sufficient to support the court's finding that the plaintiff is the person sought.

We note that this is the third case involving the sufficiency of rendition papers to reach this court in a little more than a year. *See Clement v. Cox*, 118 N.H. 246, 385 A.2d 841 (1978); *Smith v. Helgemoe*, 117 N.H. 91, 369 A.2d 218 (1977). Although we upheld the sufficiency of the papers in *Smith*, the federal district court thereafter held them to be insufficient. *Smith v. Helgemoe*, No. 77-59 (D.N.H. 1977). In *Cox* we held the papers to be insufficient. All these cases involved hearings in at least two courts, and *Smith* involved three courts.

These cases illustrate the needless use of scarce judicial time and energy as well as the unnecessary expenditure of taxpayer money in the litigation process. The issues raised in all three cases could have been eliminated by the quick, simple, and inexpensive acquisition of new papers that supplied the alleged defects. In this case, for example, a simple photograph of the plaintiff in the requisition papers may have satisfied the plaintiff that he is the person Utah seeks to answer for a crime. In such situations, there exists a duty by the State to avoid needless litigation.

*Exceptions overruled.*

All concurred.