**Douglas COBB, Appellant (Petitioner below)**

v.

**Donald E. GILMAN as Sheriff of Marion County, Appellee (Respondent below).**

**No. 1178S259.**

Supreme Court of Indiana.

July 13, 1979.

Preston T. Breunig, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

This case comes to this Court on appeal from a habeas corpus proceeding in the Marion Criminal Court, Division One, pursuant to Ind.R.Ap.P. 4(A)(9). Petitioner, Douglas Cobb, challenges his arrest under the Uniform Criminal Extradition Act, Ind. Code § 35–2.1–2–3 (Burns 1979). Petitioner has been convicted in demanding state, Alabama, of two counts of burglary in the

second degree and one count of escape. He allegedly escaped from Alabama again on December 4, 1963. The trial court denied the petition for writ of habeas corpus.

Petitioner now appeals raising the following issues:

1. Whether the trial court erred in admitting at the habeas corpus proceeding the testimony of the arresting officer as to statements made by petitioner at the time of his arrest; and

2. Whether the decision of the trial court is supported by sufficient evidence on the issue of identity.

A demand for extradition was issued by the governor of demanding state on May 17, 1978. A warrant was issued by the governor of Indiana on May 24, 1978. The following day, petitioner was arrested by an Indianapolis police officer. The officer read the warrant to petitioner, informing him of the demand for his surrender, the crime with which he was charged, his right to legal counsel and his right to habeas hearing as required by Ind.Code § 35–2.1–2–3(11) (Burns 1979). Petitioner was not informed of any other rights.

I.

A habeas corpus proceeding following an arrest on a warrant issued pursuant to an extradition demand has a very limited purpose.

"The scope of this habeas hearing has traditionally been limited to the issues of 'fugitivity', 'identity' and whether the paperwork contained some fatal flaw." West's Ann.Ind.Code (1978) § 35–2.1–2–3 (commentary, p. 465).

■ Petitioner raises only the issue of identity and the admissibility of certain evidence relevant to that issue. His first allegation of error is that the testimony of Sergeant Nicholas Chris was improperly admitted. Sergeant Chris's testimony regarded statements made by petitioner at the time of his arrest which went to the identification of petitioner as the person named in the warrant. Witness Chris testified that after he had arrested Mr. Cobb the

second time, Mr. Cobb "stated that he had, was the same person; that he had established a home here, had been here fifteen years and had worked here and had a family here, and he didn't think that he should have to go back."

■ Petitioner argues that this testimony was inadmissible under *Miranda v. Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. He claims that he should have been read his *Miranda* rights prior to making any statement which might be incriminating. We do not agree.

It appears that the question of whether the *Miranda* case is applicable to proceedings incident to an extradition is one of first impression before this Court. Federal case law indicates that *Miranda* is not applicable in proceedings of this nature.

"We conclude, however, that *Miranda* does not apply to rendition proceedings or hearings on petition for habeas corpus which are incident thereto. Interstate rendition proceedings are summary in nature and the accused is not entitled to all of the procedural protections of a criminal trial." *United States ex rel. Vitiello v. Flood,* (2d Cir. 1967) 374 F.2d 554, 557. At least one state has followed this lead, holding that *Miranda* does not apply to extradition proceedings. *Reeves v. Cox,* (1978) N.H., 385 A.2d 847. The New Hampshire Court noted that an extradition proceeding is not "a critical stage of criminal prosecution," adding that there is no need to import exclusionary principles into extradition proceedings. 385 A.2d at 851.

This is not to say that petitioner is without rights at a habeas corpus hearing incident to an extradition demand. On the contrary, a fugitive's right to a habeas hearing and right to counsel have been carefully set out in the statute. Ind.Code § 35–2.1–2–3(11) (Burns 1979). These rights are routinely detailed on the arrest warrant.

Given the summary nature of extradition proceedings, we do not believe *Miranda* warnings are necessary and adopt the rule of *United States ex rel. Vitiello v. Flood,*

*supra,* in this regard. Of course, the failure to read a fugitive his rights could preclude the admission of statements made at the time of the fugitive's arrest in the asylum state in subsequent proceedings in the demanding state.

The arresting officer properly informed petitioner of his statutory rights and statements made to the officer by petitioner were not erroneously admitted into evidence at the habeas hearing.

## II.

■ Petitioner's second allegation of error is that there is insufficient evidence to support the trial court's finding that petitioner is the person named in the extradition warrant. Petitioner raises this contention assuming that he would prevail on the first issue and, therefore, his admission would not be part of the evidence at the habeas hearing.

Without the petitioner's submission, the only evidence on the issue of identity is the fact that petitioner answers to the same name as the person requested by the demanding state. This Court has stated:

> "Where the evidence shows, as it did, that the name of the person requested by the demanding state is the same as that of the defendant, a prima facie case of identity is established, and the burden is upon the defendant to overcome this rebuttable presumption by affirmative evidence." *Meek v. State,* (1975) 262 Ind. 618, 620, 321 N.E.2d 205, 207.

Petitioner urges that we overrule the *Meek* case. We are not convinced that overruling *Meek* would be a wise course. Nevertheless, with the admission of identity on petitioner's part, there is ample evidence supporting the judgment of the trial court.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.