**Thurman HOLLAND, Appellant,**

v.

**Edgar B. HARGAR, as Sheriff of Tippecanoe County and the State of Indiana, Appellees.**

**No. 1079S280.**

Supreme Court of Indiana.

Sept. 17, 1980.

Ralph E. Randall, Hays & Randall, Scottsburg, for appellant.

Theo. L. Sendak, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellees.

GIVAN, Chief Justice.

This is an appeal from the denial of release in a habeas corpus proceeding, pursuant to AP 4(A)(9). We affirm.

On August 25, 1978, a kidnapping allegedly occurred in Pascagoula, Mississippi. A warrant for the arrest of Thurman Holland on the charge of kidnapping was issued the same day. Fingerprints later identified by the FBI as petitioner's were obtained from a motel room in Pascugoula, Mississippi, registered to Thurman Holland.

On February 20, 1979, petitioner was arrested by a West Lafayette police officer, who had received information through official channels that Holland was wanted on a warrant in Mississippi. Holland was held by the West Lafayette Police Department, where he was photographed and fingerprinted. An affidavit alleging that Holland was a fugitive from Mississippi was filed the following day. Petitioner was taken to the Tippecanoe County court on February 21, 1979, where he was advised of his rights, informed of allegations against him and appointed counsel.

While still detained, Holland was served with a warrant upon requisition issued by the Governor of Indiana, dated May 21, 1979. On May 31, 1979, appellant was fingerprinted and the prints sent to the FBI, where they were identified as Holland's prints.

■ Appellant claims the trial court erred in admitting into evidence his photograph obtained by the police on February 20, 1979, his fingerprints taken on the same date and testimony concerning both exhibits. Petitioner argues that because his warrantless arrest was illegal, the evidence incident to the arrest should have been suppressed as a curative measure for the Fourth Amendment violation, citing *Dowlut v. State* (1968) 250 Ind. 86, 235 N.E.2d 173. It is true the Fourth Amendment protections are applicable to investigatory stages

of criminal prosecutions. We decline however to extend the shield of the exclusionary rule to extradition proceedings.

■ In *Cobb v. Gilman* (1979) Ind., 391 N.E.2d 618, this Court held that in an extradition proceeding the exclusionary rule did not operate to suppress a statement made by a petitioner before he was advised of his *Miranda* rights. In that case we stated: "Interstate rendition proceedings are summary in nature and the accused is not entitled to all of the procedural protections of a criminal trial." Similar rulings have been made in other jurisdictions. See *Reeves v. Cox* (1978) 118 N.H. 271, 385 A.2d 847; *Commonwealth v. Kulp* (1973) 225 Pa.Super. 345, 310 A.2d 399. Guilt or innocence is not an issue in the asylum state. *Reeves, supra.* Consequently, the admissibility of the evidence due to an alleged Fifth Amendment violation is a determination for the trial court in the demanding state. *Cobb, supra.*

■ We therefore hold the trial court did not err in admitting into evidence photographs of appellant obtained by the police on February 20, 1979, or his fingerprints taken on the same date.

■ Petitioner alleges the trial court erred in failing to require the State to produce certain items pursuant to a discovery order, or in the alternative to grant a continuance. To support this position, appellant cites *State ex rel. Keller v. Cr. Ct. of Marion Cty.* (1974) 262 Ind. 420, 317 N.E.2d 433. However *Keller* involved discovery in a criminal proceeding. The issues in an extradition proceeding are limited to fugitivity, identity and the authenticity of the papers. *Cobb, supra.* The burden of proof is carried by the petitioner once a prima facie case of identity is established. We hold the trial court did not err by refusing to require full discovery or a continuance that might have been necessary in a criminal prosecution.

■ Petitioner alleges the trial court erred in holding that the issue of an unlawful arrest was moot. He argues that such a ruling permitting the petitioner's continued

incarceration and police investigation is contrary to law. In *Commonwealth ex rel. Berry v. Aytch* (1978) 253 Pa.Super. 312, 385 A.2d 354, the petitioner was arrested and charged with being a fugitive from justice. After several arrests and rearrests, during a period of incarceration appellant filed successive petitions for writ of habeas corpus. The trial court ordered his extradition. In upholding the denial of the petition for writ of habeas corpus the Pennsylvania courts held that the only issue before the court in an extradition proceeding is whether the demanding state has complied with the criteria of the extradition act. See *Commonwealth ex rel. Colbert v. Aytch* (1976) 246 Pa.Super. 278, 369 A.2d 1321. The court went on to state that Article IV of the United States Constitution provides that extradition is summary in nature and that the procedural safeguards required in most criminal proceedings do not apply in extradition proceedings. They further hold that even though the original arrest and detention may have been illegal, a prisoner will not be discharged for defects in the original arrest or commitment in a habeas corpus proceeding questioning extradition. In *Bailey v. Cox* (1973) 260 Ind. 448, 449–50, 296 N.E.2d 422 at 424, this Court stated:

"The Appellant contends that his original arrest and detention was illegal and invalidates the present right of the sheriff to detain him. However, in our opinion what took place with reference to the original arrest had no significance or relevancy for the reason that thereafter the Governor of the State of Indiana issued a warrant for the arrest of the Appellant pursuant to a valid request for extradition by the Governor of Ohio. The validity of the arrest made under that warrant cannot be impeached by any actions of the sheriff prior thereto. We need not, therefore, determine the legality or illegality of the act of the sheriff prior to the time the warrant was issued by the Governor to extradite the appellant. An illegal arrest does not vitiate the jurisdiction of a criminal court. *Bryant v. State* (1972), 257 Ind. 679, 278 N.E.2d 576; *Holguin v. State* (1971), 256 Ind. 371, 269

N.E.2d 159; *Smith v. State* (1957), 237 Ind. 244, 143 N.E.2d 408; 22 C.J.S. Criminal Law Sec. 144 at 382–384 (1961)."

We hold the trial court did not err in ruling that the issue of the prior arrest was moot. This conclusion is determinative of petitioner's allegations of error numbered 7, 8, 9, 10 and 11, which are based upon actions previous to the service of a valid governor's warrant. Thus we do not address those specifications.

Appellant claims the trial court erred in setting bail at $50,000, denying him his Eighth Amendment and Article 1, Section 16 right to a reasonable bail. IC 35–2.-1–2–3(17) states in relevant part:

". . . the judge or magistrate must admit the person arrested to bail by bond or undertaking, with sufficient sureties, and in such sum as he deems proper, for his appearance before him at a time specified in such bond or undertaking, and for his surrender, to be arrested upon the warrant of the governor of this state."

The amount of the bail set is within the discretion of the trial court. The sum set was reasonable under the circumstances to secure petitioner's appearance. In *State ex rel. Howard v. St. Joseph Sup. Ct.* (1974) 262 Ind. 367, 316 N.E.2d 356, this Court held that the petitioner who has been arrested and incarcerated pursuant to a warrant of rendition, was not entitled to bail pending the outcome of his appeal from a denial of a writ of habeas corpus. We therefore hold the trial court did not err in setting bail at $50,000.

Petitioner claims the decision of the trial court is not supported by the evidence that he is the same person charged in Mississippi. The name appearing on the Governor's warrant, the indictment and rendition papers was spelled Thurmon Holland. Petitioner contends that since the fingerprints and photographs should have been suppressed, the remaining evidence was insufficient to show that Thurman Holland was the person named in the documents.

First of all, we have already held in this case that the identifying photographs

and fingerprints were in fact admissible. We hold the State made a prima facie case by the use of the photographs, the fingerprints and the charging papers. We have held that after the State makes such prima facie case, the question of identity shifts to the prisoner to establish any mistaken identity. See *Bailey v. Cox, supra.* We hold there is sufficient evidence in this record to support the decision of the trial court.

▇▇▇▇ Petitioner claims the trial court erred in denying his motion to dismiss for failure to state the crime with sufficient certainty. The petitioner was substantially charged as required by the Uniform Criminal Extradition Act by the single word "kidnapping" and a specific date of the alleged offense in the Governor's warrant and rendition papers. Although there is no statutory citation in the documents, courts in Indiana will take judicial notice of statutes of every state. Ind.Code Sec. 35–3–2–1 and 35–3–2–2 [Burns 1973]; Indiana Rules of Trial Procedure 44.1; *Masden v. State* (1976) 265 Ind. 428, 355 N.E.2d 398, 400.

▇▇▇ Petitioner claims the trial court erred in denying his motion for a continuance of the hearing to "prepare against the return of the writ and the newly discovered evidence." The newly discovered evidence petitioner claimed included information regarding a photo identification and the FBI fingerprint reports contained in the prosecutor's file and attached to the amended affidavit. The issues in an extradition proceeding are limited to the narrow purposes of fugitivity and identity, both of which allegations were well known to the petitioner. The "newly discovered evidence" did not rebut the prima facie case of identity established by the State. The trial court did not abuse its discretion by refusing to grant the petitioner a continuance.

The trial court is in all things affirmed.

All Justices concur.