**Phillip F. DECKER, Appellant,**

v.

**STATE of Indiana, Appellee.[1]**

**No. 87S00–9102–CR–103.**

Supreme Court of Indiana.

Sept. 9, 1991.

J. William Bruner, Boonville, for appellant.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A Governor's Warrant was issued for the extradition of one Phillip Frank Decker to the State of Texas. Appellant filed his writ of *habeas corpus* in the Warrick Circuit Court to contest that extradition. The Warrick Circuit Court approved the extradition. From that decision, appellant appeals.

At the extradition hearing, the State presented the testimony of Jeffrey Gore, Sheriff of Warrick County, who stated that he knew Phillip F. Decker as a result of his duties as Sheriff. He identified appellant in open court. There was a fingerprint card attached to the Governor's Warrant which purported to be the fingerprints of one Phillip Frank Decker and was signed by Phillip Decker. Fingerprint cards were made in Warrick County of appellant and signed by him as Phillip Decker. The fingerprints on the Warrick County cards and the Texas fingerprint cards were compared and found to be made by the same person. Following the receipt of this evidence, the State called Phillip Decker to the stand and asked him his full name to which he responded Phillip Frank Decker.

Appellant now claims the State did not discharge its burden of making a *prima facie* case as to his identity and that the only evidence of his identity was his own statement from the witness stand. He further contends that the discrepancy in names, that is the discrepancy between Phillip Frank Decker, Phillip F. Decker and Phillip Decker caused the State to fail in its *prima facie* case as to his identity. We cannot agree with appellant in his observation. This Court has held repeatedly that slight differences in a name, or the spelling thereof, do not defeat identification. *Holland v. Harger* (1980), 274 Ind. 156, 409 N.E.2d 604; *Bailey v. Cox* (1973), 260 Ind.

1. This cause originally was filed in the Court of Appeals. However, by an Order dated February 6, 1991 this cause was ordered transferred to the Supreme Court under Ind. Appellate Rule 4(A)(9).

448, 296 N.E.2d 422. The State made its *prima facie* case when it established that fingerprints taken in Texas of the person wanted by that State matched the fingerprints taken in Warrick County of appellant.

■ When the Governor has granted extradition and the party sought files a petition for *habeas corpus,* the State need decide only: (a) whether the extradition documents, on their face, are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. *Michigan v. Doran* (1978), 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521.

The State having made its *prima facie* case, it was incumbent upon the appellant to overcome the State's evidence by affirmative evidence showing that he in fact was not the person sought by the requesting state. This appellant did not do, either at the trial level or at this level.

■ At a *habeas corpus* hearing involving extradition, the person sought to be extradited is in a situation similar to a person who is placed under arrest. It is entirely proper to ask him to state his name. *See Cobb v. Gilman* (1978), 271 Ind. 223, 391 N.E.2d 618. There is ample evidence in this record to support the finding of the trial court denying appellant's petition for a writ of *habeas corpus.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.