Carlos ABAD, Petitioner-Appellant,

v.

James G. RICKETTS, Executive Director of the Colorado Department of Corrections, Respondent-Appellee.

No. 81SA28.

Supreme Court of Colorado,
En Banc.

May 17, 1982.

Rehearing Denied June 1, 1982.

J. Gregory Walta, Colo. State Public Defender, Ilene P. Buchalter, Charles F. Kaiser, Deputy State Public Defenders, Denver, O. Edward Schlatter, Deputy State Public Defender, Salida, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for respondent-appellee.

HODGES, Chief Justice.

The appellant, Carlos Abad, challenges the judgment of the trial court which denied his petition for writ of habeas corpus. Because New Mexico's Request for Temporary Custody of the appellant pursuant to the Interstate Agreement on Detainers is valid, we affirm the judgment.

The appellant was sentenced on September 4, 1979, to a term at the Colorado State Penitentiary after having pled guilty to second-degree burglary and first-degree sexual assault. On July 31, 1980, the state of New Mexico submitted a Request for Temporary Custody pursuant to the Interstate Agreement on Detainers, sections 24-60-501, et seq., C.R.S.1973. New Mexico's request was based on a grand jury indictment, filed on January 25, 1979 in the District Court of Bernalillo County, New Mexico, which charged the appellant with aggravated robbery, criminal sexual penetration, and the unlawful taking of an automobile.

The appellant filed a petition for writ of habeas corpus challenging New Mexico's Request for Temporary Custody. In his petition, it is contended that since the appellant was a juvenile at the time of the alleged offenses, New Mexico could obtain custody only under the Interstate Compact on Juveniles, section 24-60-701, et seq., C.R.S.1973; secondly, that under New Mexico law the juvenile court has exclusive jurisdiction over juveniles, thus precluding the New Mexico district court's issuance of this request.

The trial court rejected the appellant's first contention after finding that the Compact was limited to circumstances that were not present here, i.e., where the juvenile had already been adjudged delinquent. In

rejecting the appellant's second argument, the court found that New Mexico's Children's Code, sections 32–1–1, *et seq.*, N.M.S.A.1978, extends exclusive jurisdiction to juvenile courts only where the proceedings involve charges of delinquency, or where there is an alleged need for supervision, or other similar matters. *See* section 32–1–9, N.M.S.A.1978.[1] Lastly, the trial court found that this New Mexico district court had jurisdiction with respect to the charges in the indictment, regardless of whether it would have ultimate jurisdiction to try the appellant.

While we do not disagree with the trial court's interpretation of the Compact, *see* section 24–60–702, C.R.S.1973, or with its analysis of New Mexico's jurisdictional statutes, *see State v. Doe and Gurule*, 95 N.M. 88, 619 P.2d 192 (Ct.App.1980), we find that *Moen v. Wilson*, 189 Colo. 85, 536 P.2d 1129 (1975), is dispositive of this appeal.

In *Moen v. Wilson, supra*, we recognized that the purpose of the Interstate Agreement on Detainers was to force a prisoner who is no longer within a state where charges are pending, to be transferred to that state to stand trial. In *Moen*, we observed that the agreement itself states that it is the policy of the member states and the purpose of the agreement "to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." Section 24–60–501, C.R.S. 1973.

In light of these purposes and policies, we recognized in *Moen*, as we do again here, that there is only limited judicial review in the sending state over a transfer sought by a receiving state pursuant to this agreement. In particular, *Moen* states that a prisoner in the sending state is limited:

"(1) to contest his presence in the receiving state at the time the alleged crime was committed, (2) to question whether he is a fugitive from justice or whether the detainer documents are supported by either an indictment or an information supported by an affidavit establishing probable cause, and (3) to determine whether he is substantially charged with a crime under the laws of the receiving state."

Because the appellant's appeal does not challenge the Request for Temporary Custody on any of the grounds enumerated in *Moen*, his petition for writ of habeas corpus was properly denied by the trial court.

Judgment affirmed.

LEE, J., does not participate.

---

1. Section 32–1–9, N.M.S.A.1978 reads:

A. The court has exclusive original jurisdiction of all proceedings under the Children's Code in which a child is alleged to be:
   (1) a delinquent child; or
   (2) a child in need of supervision; or
   (3) a neglected child.

B. The court has exclusive original jurisdiction of the following proceedings under other laws which will be controlled by the provisions of the other laws without regard to provisions of the Children's Code:
   (1) for the termination of parental rights;
   (2) for the adoption of a minor;
   (3) under the Interstate Compact on Juveniles [32–3–1 to 32–3–8 NMSA 1978];
   (4) under the Interstate Compact on the Placement of Children [32–4–1 to 32–4–7 NMSA 1978];
   (5) to determine the custody of, or to appoint a custodian or a guardian for a minor;
   (6) for the commitment of a mentally retarded or mentally ill minor; and
   (7) to authorize the marriage of a minor who does not have a parent or guardian reasonably available within this state, or when a parent or guardian refuses to consent, when the law requires consent to the marriage by a parent or guardian.