Charles Edward MOORE,
Petitioner-Appellant,

v.

Bill WILSON, Superintendent Canon
Correctional Facility,
Respondent-Appellee.

No. 81SA90.

Supreme Court of Colorado,
En Banc.

March 7, 1983.

Opinion Modified and, as Modified,
Petition for Rehearing of Respondent-
Appellee Denied May 9, 1983.

Petition for Rehearing of Petitioner-
Appellant Denied May 9, 1983.

J. Gregory Walta, Colorado State Public
Defender, Margaret L. O'Leary, Deputy
State Public Defender, Denver, for petition-
er-appellant.

J.D. MacFarlane, Atty. Gen., Richard F.
Hennessey, Deputy Atty. Gen., Mary J.
Mullarkey, Sol. Gen., Clement P. Engle,
Asst. Atty. Gen., Denver, for respondent-
appellee.

ERICKSON, Justice.

This is an appeal from the District Court
of Fremont County. This court denied a
petition for writ of habeas corpus filed by
the petitioner in opposition to a detainer
lodged by the State of California. We af-
firm.

California, pursuant to the Interstate
Agreement on Detainers, section 24–60–501
(art. IV), C.R.S.1973 (1982 Repl.Vol. 10),
lodged a detainer and a request for tempo-
rary custody against the petitioner seeking
his return for trial on murder charges. The
district court rejected the petitioner's writ
of habeas corpus, ruling that California had
met its burden under the Interstate Agree-
ment on Detainers. On appeal, petitioner
argues that he cannot be delivered to Cali-
fornia while criminal proceedings are pend-
ing in Colorado and that the Interstate
Agreement on Detainers unconstitutionally
violates his rights to equal protection of the
laws.

The district court correctly limited
its review of the petitioner's writ of habeas
corpus to the issue of whether the require-
ments of the Interstate Agreement on De-
tainers had been met. Judicial review of
extradition requests is conducted to deter-

mine whether there has been procedural compliance with the statute and whether there has been a showing that the person against whom extradition is sought is the person charged with a crime in the demanding state. *Moen v. Wilson,* 189 Colo. 85, 536 P.2d 1129 (1975). The district court was not required to hear claims that the extradition would affect criminal proceedings in another judicial forum. *See Buffalo v. Tanksley,* 189 Colo. 45, 536 P.2d 827 (1975).

■ The petitioner's argument that the Interstate Agreement on Detainers violates the Fourteenth Amendment of the United States Constitution cannot properly be considered in this appeal. As we said in *Massey v. People,* 656 P.2d 658, 661 (Colo.1982):

> "We decline to address [the petitioner's] constitutional challenge to the Agreement on Detainers because the only issue litigated at the habeas corpus hearing was compliance with the procedures of Article IV. [The petitioner's] counsel did not mention the constitutional challenge at the hearing, the district court did not address the constitutional issue in its ruling discharging the writ, and [the petitioner's] new trial motion did not raise the issue."

*See also* C.R.C.P. 59(f); *Whittington v. Bray,* 200 Colo. 92, 613 P.2d 633 (1980); *Dorador v. Cronin,* 199 Colo. 85, 605 P.2d 53 (1980).

Accordingly, we affirm the judgment of the district court.

ROVIRA, J., does not participate.