STATE of Indiana on the Relation of Robert Lee KINDRED, Relator,

v.

The HAMILTON SUPERIOR COURT ROOM 2 and the Honorable Jerry M. Barr, Presiding Judge Thereof, Respondents.

No. 29S00–8711–OR–1067.

Supreme Court of Indiana.

July 15, 1988.

Raymond M. Adler, Scott Allen Benkie, Adler & Benkie, Noblesville, for relator.

Linley E. Pearson, Atty. Gen., Bruce E. Petit, Deputy Hamilton County Pros. Atty., Noblesville, for respondents.

DeBRULER, Justice.

This is an original action in which Relator challenges an order of the Respondent Court, which denied his motion to dismiss certain pending criminal charges. The claim for dismissal of the charges is predicated upon the absence of jurisdiction in the trial court because of a violation of the Interstate Agreement on Detainers Act (AID). A temporary writ was denied following a hearing in this court, and we now likewise deny a permanent one.

The criminal charges pending below were filed on August 6, 1985. At the time of filing, Relator was at the Metropolitan Correctional Center in Miami, Florida, awaiting a federal probation violation hearing. That proceeding concluded on October 24, 1985, when the federal court in Miami ordered Relator committed to federal custody for a period of three years. The Hamilton County prosecutor lodged a detainer against Relator on December 16, 1985, based upon the charges here sought to be ordered dismissed. On February 26, 1986 Relator was transferred to the U.S. Penitentiary at Atlanta, Georgia. On July 30, 1986, Relator was transferred to the Federal Correctional Institute at Raybrook, New York.

On December 16, 1986, Relator filed his motion to dismiss or for discharge in the Respondent Indiana Court. In it he contended in pertinent part, that he, back on August 15, 1985, had made a request of the federal officials then having custody of him in Miami, for final disposition of the charges pending in the Respondent Court. Such conduct on his part, he further contends, fixed the duty of the Indiana authorities to bring him to trial within 180 days as provided by Article 3 of the AID. That provision, I.C. 35–33–10–4, provides in part:

"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indict-

ment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty [180] days after he shall have caused to be delivered to the prosecuting officer and the appropriate court ... his request for a final disposition ...".

The Respondent Court held a hearing on the motion and denied it on June 12, 1987. In part, the trial court concluded that on August 15, 1985, Relator was not serving a term of imprisonment, and that no detainer was then lodged, and decided that Relator's case did not meet the requirements imposed by the statute.

As stated in Article 1 of the AID, I.C. 35–33–10–4, one evil generated by detainers based upon untried charges is the obstruction which they pose to the fulfilment of prisoner treatment and rehabilitation. Such programs are ordinarily available to prisoners who have entered upon a term of imprisonment in a correctional institution. The AID therefore is not intended for the protection of persons in jail awaiting trial. *Dorsey v. State* (1986), Ind., 490 N.E.2d 260. At the time Relator allegedly made his request for final disposition, he was in federal custody awaiting a probation violation hearing. The interests of persons of that status, like the interests of persons in jail awaiting trial, in the availability of treatment and rehabilitation programs are the same, and thus Relator should fare no better than did Dorsey.

The trial court also concluded that at the time of Relator's alleged request for immediate disposition, the detainer of the Indiana prosecutor had not been lodged. The evidence on the issue was in conflict, and the Respondent Court concluded that the detainer was first lodged on December 16, 1985. The pending Indiana charges were not the basis upon which a detainer had been lodged against Relator when in August he made the alleged request for final disposition. On this basis also, Respondent Court was justified in denying the motion to dismiss.

It is therefore ordered that the Respondent Court was within its jurisdiction and authority in denying Relator's motion to dismiss.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.