James **DAHER**, Jr., Appellant
(Defendant),

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 48A02–9008–CR–486.

Court of Appeals of Indiana,
Second District.

June 11, 1991.

Caroline B. Briggs, Flora, for appellant.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Defendant-appellant James Daher (Daher) appeals from the denial of his challenge to a request for a temporary transfer of custody filed by the Commonwealth of Virginia in accordance with the Interstate Agreement on Detainers.[1]

We affirm.

## FACTS

The facts most favorable to the trial court's judgment reveal the following: Daher was serving a sentence at the Indiana Reformatory.[2] The Commonwealth of Virginia, Henrico County, sought Daher's presence to answer to charges of breaking and entering and grand larceny. The Senior Trial Assistant Commonwealth's Attorney filed with the Department of Corrections a request for temporary custody of Daher under Article 4(a) of the Interstate Agreement on Detainers, codified in Indiana as IC 35–33–10–4 [hereinafter referred to as the Detainer Statute].

Daher refused to consent to his transfer and waived his right to a speedy trial under Article 3 of the Detainer Statute. Daher was notified that he was entitled to the procedural protections provided by the Indiana Uniform Criminal Extradition Act, codified at IC 35–33–10–3 (1988) [hereinafter referred to as the Extradition Statute].

The request for temporary custody was filed in the trial court on February 6, 1990. On February 21, 1990, the trial court held a hearing and informed Daher of the allegations contained in the request for custody. Daher indicated he would obtain counsel and an evidentiary hearing was set for March 19, 1990. At the March 19th hearing, at which Daher was represented by counsel, the corrections official who re-

ceived the request testified that he had informed Daher of the request and that, based on fingerprint identification, Daher was the individual sought by Virginia. The State then introduced the request for Daher's custody, which was completed on "Form V" in accordance with the Detainer Statute.

Daher objected to the cover letter attached to the request on hearsay grounds, and objected to the completed Form V on the basis that it failed to comply with the certification provisions of the Extradition Statute. After the trial court had rejected the cover letter as hearsay, the trial court, Daher's counsel and the deputy prosecutor engaged in a colloquy concerning whether the State was proceeding under the Detainer Statute or the Extradition Statute. Some confusion arose as to the nature of Daher's advisement at the February 21st hearing, and the trial court continued the hearing in order to determine whether Daher had been told the State was proceeding under the Detainer Statute or the Extradition Statute.

After a further continuance, the State argued that it was proceeding under the Detainer Statute and that Daher had the burden of proving the request for temporary custody was faulty. Daher claimed that the State had failed to meet its burden of proof under the Extradition Statute. After taking the matter under advisement, on May 15, 1990, the trial court denied Daher's motion to dismiss the request for custody. It determined that the State had identified Daher as the individual sought by Henrico County, Virginia, concluded that Daher had failed to provide any defense to the identification and that he had failed his burden of proof. Daher's transfer to Virginia was stayed pending this appeal.

After this appeal was instituted, Daher filed a pro se "Emergency Verified Petition For Leave To Pursue Post–Conviction Relief In the Trial Court During Pendency Of This Appeal Or For Dismissal Without

---

1. Ind.Code 35–33–10–4 (1988).

2. The record does not disclose the conviction for which Daher was imprisoned in Indiana.

Prejudice To Further Appellate Rights" with this court. Daher's petition alleged that newly discovered evidence, consisting of court records from Virginia, demonstrated that the charges in Virginia had been reduced to a conviction and that proceedings under the Detainer Statute were inappropriate.

## ISSUES

1. Whether the trial court erred when it denied Daher's motion to dismiss the request for temporary custody?
2. Whether we should remand this cause to the trial court for further proceedings?

## DECISION

■ *ISSUE ONE*—Did the trial court err when it denied Daher's motion to dismiss?

*PARTIES' CONTENTIONS*—Daher asserts that the State failed to comply with the substantive provisions of the Extradition Statute, and therefore the trial court erred when it denied his motion to dismiss the request. The State replies that because it proceeded under the Detainer Statute, it was not required to comply with the Extradition Statute, and that Daher failed to demonstrate the request was faulty.

*CONCLUSION*—The trial court properly denied Daher's motion to dismiss.

This is a case of first impression in Indiana. However, in *Cuyler v. Adams* (1981), 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641, the United States Supreme Court determined that defendants transferred pursuant to the Interstate Agreement on Detainers were to be afforded the same "procedural protections" afforded to defendants extradited under the Uniform Extradition Act, or any other procedural protections afforded to defendants extradited under state law. While Indiana has recognized that an imprisoned defendant is entitled to "an *extradition-type* hearing before the request for temporary custody is honored ...," *Ramirez v. State* (1983), Ind. App., 455 N.E.2d 609, 612, *affirmed* 471 U.S. 147, 105 S.Ct. 1860, 85 L.Ed.2d 113 (emphasis supplied); *see also Dotson v. State* (1984), Ind., 463 N.E.2d 266, no Indiana court has considered precisely what "procedural protections" are required under *Cuyler*.

■ The Detainer Statute [3] and the Extradition Statute both relate to the interstate transfer of defendants to answer to criminal charges. The Detainer Statute applies only to defendants who have been convicted and are serving sentences in the sending state, it does not apply to defendants who are imprisoned awaiting trial. *State ex. rel. Kindred v. Hamilton Superior Court* (1988), Ind., 525 N.E.2d 339. The main purpose of the Detainer Statute "is to provide for expeditious disposition of all outstanding charges which may affect the conditions or duration of imprisonment and treatment." *Webb v. State* (1982), Ind., 437 N.E.2d 1330, 1332.

The Extradition Statute, on the other hand, applies to individuals who are not serving sentences in sending states as well as imprisoned individuals. Our supreme court has determined that: "Interstate rendition proceedings are summary in nature and the accused is not entitled to all of the procedural protections of a criminal trial." *Holland v. Hargar* (1980), 274 Ind. 156, 409 N.E.2d 604, 606.

---

**3.** The Detainer Statute provides, in pertinent part:

"Article I
    The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations, or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints. The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures."

Section 11 of the Extradition Statute provides:

"No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he has been *informed of the demand made for his surrender, of the crime with which he is charged and that he has the right to demand legal counsel;* and if the prisoner, his friends, or counsel shall state that he or they desire to test the legality of the arrest, the prisoner shall be taken forthwith before a judge of a court of record in this state who shall fix a reasonable time to be allowed him within which *to apply for a writ of habeas corpus.* And when such writ is applied for, notice thereof, and of the time and place and hearing thereon, shall be given to the public prosecuting attorney of the county in which the arrest is made and in which the accused is in custody and to the said agent of the demanding state."

IC 35–33–10–3(11) (emphasis supplied).

It is reasonable to assume that the "procedural protection" afforded to defendants being transferred under the Detainer Statute, as required by *Cuyler,* is a habeas corpus-type hearing like that detailed in section 11 of the Extradition Statute. A review of habeas corpus proceedings is an avenue used by courts in other jurisdictions to consider the merits of challenges to transfers under the Detainer Statute. *See Abad v. Ricketts* (1982), Colo., 645 P.2d 848; *Statchuk v. Warden, Maryland Penitentiary* (1983), 53 Md.App. 680, 455 A.2d 1000.

■ Turning to petitions filed in an extradition setting, it appears that the issues in an extradition proceeding are limited to fugitivity, identity and the authenticity of the extradition papers. The burden is on the defendant to dispute the extradition once a prima facie case of identity has been established. *Holland, supra.*

We do not agree with Daher that the State must comply with the verification and other *substantive* provisions of the Extradition Statute. The Detainer Statute does not require that a request for temporary custody be supported by affidavit or that it be verified or certified in the same manner as the substantive provisions of the Extradition Statute require. Daher's contentions concerning the request for temporary custody relating to its failure to comply with various provisions of the Extradition Statute are therefore meritless.

Other jurisdictions have reached similar conclusions concerning challenges to transfers under the Detainer Statute. *See Moore v. Wilson* (1983), Colo., 662 P.2d 160; *Abad, supra; Statchuk, supra; Beauchene v. Coughlin* (1986), 122 A.D.2d 303, 504 N.Y.S.2d 273. In each, judicial review of transfers under the Detainer Statute was limited to determine whether the sending and receiving states had complied with the provisions of the Detainer Statute.

■ The State satisfied its burden of proving identity by demonstrating that Daher was the individual sought by Virginia. *Record* at 57–59. The record also demonstrates that certified copies of Daher's Virginia charges were filed in the trial court in compliance with the Detainer Statute. *Record* at 16–17. As Daher carried the burden of proving the request was invalid, *Holland, supra,* and as Daher presented no evidence to support his challenge, we conclude the trial court properly decided that Daher had failed to carry his burden of proof when it denied his motion to dismiss the request for custody. *Record* at 38.

Under *Cuyler,* defendants are entitled to the procedural protections of the Extradition Statute. That requirement is satisfied by a habeas corpus-type proceeding as detailed in section 11 of the Extradition Statute. The decision in *Cuyler* did not mandate that states seeking defendants must "extradite" individuals sought under the Detainer Statute, so the verification and certification provisions of the Extradition Statute are not applicable to proceedings under the Detainer Statute. As Daher received the procedural protection to which he was entitled, i.e. he was informed of the demand for his surrender, of the crime

**1308**

with which he was charged, his right to have an attorney, and his right to have a hearing (which was held), the trial court properly ordered his transfer to Virginia.

■ *ISSUE TWO*—Should we allow Daher to pursue post-conviction relief in the trial court?

*PARTIES' CONTENTIONS*—Daher claims that newly discovered evidence requires the dismissal of the petition for temporary custody because the charges pending in Virginia are not "untried," as required by the Detainer Statute. The State responds that under Virginia law Daher's charges are "untried" and that the use of the Detainer Statute is proper.

*CONCLUSION*—Daher's petition is denied.

Daher's petition comes before us under the authority of *Davis v. State* (1977), 267 Ind. 152, 368 N.E.2d 1149, and *Logal v. Cruse* (1977), 267 Ind. 83, 368 N.E.2d 235. In *Davis* and *Logal,* our supreme court concluded that a litigant may collaterally attack a judgment during the pendency of an appeal if the litigant can establish:

> "(1) that the grounds for relief advanced in appellant's petition have a substantial likelihood of securing appellant relief in the trial court;
>
> (2) that such relief has a substantial likelihood of rendering moot the issues raised on direct appeal and would effect a net savings of judicial time and effort;
>
> (3) that the circumstances of the case are such that undue hardship would result to appellant were he required to await completion of his appeal to petition for post-conviction relief."

*Davis, supra* at 157, 368 N.E.2d at 1151 (footnote omitted).

We need only consider the first criteria to deny Daher's petition. Daher has failed to establish a substantial likelihood of securing relief in the trial court. The issue arises because the Detainer Statute contemplates detainers based on "untried indictments, informations, or complaints." IC 35–33–10–4 Articles 2, 3(a), 4(a). If Daher's charges in Virginia are not untried, then proceedings under the Detainer

Statute are inappropriate. *See Carchman v. Nash* (1985), 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (Detainer Statute does not apply to detainers based on probation violation charges). Daher's detainer, however, is based on "untried" charges.

Daher's "newly discovered evidence" consists of court records indicating he entered a guilty plea on the charges pending in Virginia and that his presence was sought only for sentencing. The State responds with court records indicating that Daher has petitioned to withdraw his guilty plea, and points to Virginia law which suggests that, in Virginia, a defendant's trial is not complete until a sentence has been imposed.

While the State raises persuasive arguments that Daher is not entitled to "post-conviction" relief because he is not appealing from an Indiana "conviction," and that Daher's evidence is not "newly discovered," we nonetheless will consider the substantive allegations of Daher's petition because he has not demonstrated a substantial likelihood of succeeding on the merits in the trial court.

We conclude that the Detainer Statute was properly invoked because, under Virginia law, Daher's charges remain untried. Va.Code § 19.2–283 provides that: "No person shall be *convicted* of felony, unless by his confession of guilt in court, or by his plea, or by the verdict of a jury, accepted and recorded by the court, *or by judgment of the court trying the case without a jury* according to law." (Emphasis supplied).

Va.Code § 19.2–307 provides, in pertinent part: "The *judgment order* shall set forth the plea, the verdict or findings and the adjudication and *sentence,* whether or not the case was tried by jury, and if not, whether the consent of the accused was concurred in by the court and the attorney for the Commonwealth." (Emphasis supplied). Va.Code § 19.2–298 provides, in pertinent part: "Before pronouncing the sentence, the court shall inquire of the accused if he desires to make a statement and if he desires to advance any reason

why *judgment* should not be pronounced against him." (Emphasis supplied).

The State has filed certified copies of Daher's motion to withdraw his guilty plea. In Virginia: "A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct a manifest injustice, the court within twenty-one days after entry of a final order may set aside the *judgment of conviction* and permit the defendant to withdraw his plea." Va.Code § 19.2–296 (emphasis supplied).

From these statutes it is apparent that a defendant is not "convicted" in Virginia until a judgment is entered against him, and that a judgment is not entered until a sentence has been pronounced. This is also consistent with the fact that in Virginia, the jury determines not only whether a defendant is guilty, but the defendant's sentence as well. *See Snider v. Cox* (1971), 212 Va. 13, 181 S.E.2d 617; Va.Code § 19.2–295.

So, under the laws of Virginia, Daher's charges remain "untried," particularly in view of his pending motion to withdraw his guilty plea. We therefore conclude that proceedings under the Detainer Statute were properly instituted and that Daher has not established a substantial likelihood of securing relief in the trial court. Daher's emergency verified petition is denied.

Judgment affirmed.

SULLIVAN and BAKER, JJ., concur.