James R. VADEN, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 10A05–9806–CR–322.

Court of Appeals of Indiana.

May 26, 1999.

Transfer Denied Aug. 18, 1999.

Jeffrey D. Stonebraker, Jeffersonville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge

Defendant-appellant James R. Vaden, Jr. ("Vaden") appeals from the trial court's denial of his motion to dismiss, alleging the court failed to bring him to trial within the 180 day time limit imposed by the Interstate Agreement on Detainers ("IAD"), codified at Ind. Code § 35–33–10–4. The facts relevant to the appeal are set forth below.

On July 15, 1996, Vaden was arrested by an undercover narcotics officer, who, acting on information provided by a confidential informant, had arranged to purchase a half-ounce of cocaine from Vaden for $775. Vaden was charged with two counts of dealing in cocaine, a Class A felony, possession of cocaine, a Class C felony, and carrying a handgun without a license, a Class A misdemeanor. On January 20, 1998, a jury convicted Vaden of all the charges, and the trial court sentenced him to fifty years on each count of dealing in cocaine, and one year for carrying a handgun without a license, to run concurrently with each other but consecutively to Vaden's sentence for federal charges in Kentucky.

At the time the State charged Vaden, he was serving a sentence for armed robbery in the federal prison in Terre Haute, Indiana. Either in late June or about July 1, 1997, Vaden filed the necessary paperwork under the IAD to have detainers resolved both in Clark County, Indiana, and in LaRue County, Kentucky. The Clark County Prosecutor's Office received Vaden's request on July 3, 1997.

On July 23, 1997, the State contacted officials at the federal prison where Vaden was being held, to let them know the State would accept transport of Vaden and would prosecute him. The Bureau of Prisons in Terre Haute, however, informed the State that it would not release and transport Vaden until a firm trial date in Clark County had been set. Thus, on July 30, 1997, the State filed a motion to set a trial date; the trial court granted that motion on August 12, 1997, and set the trial date for September 9, 1997.

During this same time period, however, Vaden's request for disposition of the detainer against him in LaRue County, Kentucky, caused him to be released to that jurisdiction on August 14, 1997.[1] He was not returned to federal custody in Indiana until October 14, 1997. When the State was advised by the Bureau of Prisons that Vaden was back in Indiana, Clark County took custody of Vaden, on October 22, 1997. On October 23, 1997, the trial court set a jury trial for November 18, 1997.

At a pre-trial hearing on November 17, 1997, counsel for the State and Vaden's counsel discussed with the court, among other issues, the fact that the trial was set for the next day, and the likelihood that the court would actually proceed with Vaden's trial on the next day. Both the State and Vaden's counsel indicated that they were proceeding on the assumption that the trial would not be held the next day.

The next day, November 18, 1997, the court issued an order continuing the case until January 20, 1998. The order read in part, "the Court being engaged in [another trial] does note a congested docket pursuant to Rules of Criminal Procedure 4 and being otherwise duly advised in the premises, now finds that this matter should be reassigned for trial by jury."

On December 1, 1997, Vaden filed an "Objection to Setting of Trial Date," wherein he objected "to the setting of trial date past the deadlines as set by I.C. 35–33–10–4." On December 10, 1997, the trial court on its own motion set the matter for hearing on "all pending motions"; that hearing was held on December 16, 1997. On December 22, 1997,

---

1. There is evidence in the record to indicate that the Clark County Prosecutor's Office was not notified of Mr. Vaden's having been transported to Kentucky until one month after the fact, by a letter dated September 15th.

the trial court overruled that objection and found that the January 20, 1998 trial date was within the 180 days required by Article 3 of the IAD.

■ We first note that there is no dispute that the IAD applies. Vaden was serving a sentence on a federal charge, and the United States is a "state" for the purposes of the IAD. Ind.Code § 35–33–10–4 (Article 2(b)); *Daher v. State*, 572 N.E.2d 1304, 1306 (Ind.Ct.App.1991); *Webb v. State*, 437 N.E.2d 1330, 1331 (Ind.1982). The IAD provides, in pertinent part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Ind.Code § 35–33–10–4 (Article 3). Vaden's sole contention on appeal is that the trial court erred by not granting his motion for discharge, based upon the court's failure to bring him to trial within 180 days after the prosecuting attorney received his request for a final disposition.

The parties do not dispute that the Clark County Prosecutor received the necessary paperwork from Vaden via the federal officials on July 3, 1997. Thus, under Article 3 of the IAD, the State and the trial court had 180 days from that date, or until December 30, 1997, to try Vaden.

However, the IAD also provides that when computing the 180 days imposed by Article 3, "the running of the time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter." Ind.Code § 35–33–10–4 (Article 6).

In his brief to this court, Vaden argues that it is because of the Clark County Prosecutor's "apparent apathy" that Vaden was unavailable to the Clark County Superior Court from August 14 until October 14, and thus it would be contrary to the spirit and purposes of the IAD to consider the 180–day time period tolled for the sixty-one (61) days Vaden was in Kentucky. He argues that "[i]t is clear Vaden intended to first address the Clark County detainers," and "[b]ut for Indiana's lackadaisical response to Vaden's request the entire sequence of events would have been different."

The language of the IAD itself does provide, "[t]his agreement shall be liberally construed so as to effectuate its purposes." Ind. Code § 35–33–10–4 (Article 9). However, a liberal construction does not necessitate that we ignore the tolling provision of Article 6. Whether Vaden "intended" to be tried in Indiana first does not control the issue of whether the statutory period was tolled during his period of unavailability. Vaden himself filled out the paperwork requesting disposition of the detainers against him in two different jurisdictions; necessarily, one of them was bound to set a trial date before the other, and there was no guarantee that Clark County would be the one. Moreover, despite Vaden's characterization of the Clark County Prosecutor's handling of his request as "lackadaisical," the record does not reflect that the prosecutor acted in bad faith in responding to Vaden's request, or even that he acted negligently. The purposes of the IAD are "to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers ..." and "to provide cooperative procedures" [for the states which are parties to the IAD to follow]. Ind.Code § 35–33–10–4 (Article 1). Nowhere in its language does the IAD provide that a given defendant shall have his choice among various jurisdictions, should he have detainers outstanding in more than one. Though there is no case law interpreting Article 6 specifically, sound reasoning

would seem to dictate exactly the result we reach: a defendant should not be able to start the 180–day period in any number of jurisdictions, and then watch them "ring out" one by one while he is held in the first jurisdiction that was able to set a trial date.

 The record does reveal that Vaden consistently and vigorously argued to the trial court that he should be tried before December 30, 1997. Likewise, on appeal, he argues that the court had time after the continuance ordered on November 18, 1997, to reschedule the trial to fall within the original 180 days. He devotes a large portion of his appellate brief to an argument that the continuance was not "necessary or reasonable," as required by Ind.Code § 35–33–10–4 (Article 3), set forth above. Since we hold that the 180–day period was tolled while Vaden was unavailable for trial, we need not address this argument. However, we note that our case law interpreting an analogous provision in Ind.Crim. Rule 4(B)(1), "that a trial court may take note of congestion ... and upon so finding may order a continuance," has held that upon appellate review, a trial court's finding of congestion will be presumed valid and need not be contemporaneously explained or documented by the trial court. *See Clark v. State,* 659 N.E.2d 548, 552 (Ind.1995). When reviewing on appeal a continuance based on a finding of congestion, we will afford the trial court's explanations reasonable deference, and a defendant must establish that the finding of congestion is "clearly erroneous." *Id.* The record shows that the trial court did conduct a trial in the matter cited in its order of November 18, 1997. Although Vaden argues that his trial should have taken precedence, since the defendant in the other matter had moved for a continuance the week before, this argument is not sufficient to establish that the trial court's decision as to which trial to hold is clearly erroneous.

Vaden was unavailable from August 14, 1997, until October 14, 1997, which is sixty-one (61) days. Thus the court had sixty-one (61) additional days after December 30, 1997, to try him, or until March 2, 1998. He was tried on January 20, 1998, within that time frame. The denial of the motion to dismiss was not error. Judgment affirmed.

RUCKER, J., and DARDEN, J., concur.