WATHEN BUDDY MASDEN *v*. STATE OF INDIANA.

[No. 476S111. Filed September 30, 1976.]

*Gary L. Gerling, Daniel J. McGinn,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

DeBRULER, J.—Appellant, Wathen Buddy Masden, appeals from the denial of release after a habeas corpus hearing in an extradition proceeding. We have jurisdiction under Ind. R. Ap. P. 4(A)(9). Appellant argues that he should have been released because (1) the warrant of arrest issued by the Governor of Indiana should not have been issued, since the documents presented by the Governor of Kentucky did not comply with the statutory requirements of Ind. Code § 35-2.1-2-3, Paragraph 5 (Burns 1975); (2) the Sheriff's return to the petitioner's verified petition for writ of habeas corpus did not comply with the statutory requirements of § 34-1-57-10 (Burns 1973) and Ind. R. Tr. P. 8(D); and (3) the evidence of appellant's identity as the person charged with the crime and the evidence that appellant was lawfully charged with a crime by the Kentucky authorities was insufficient.

Indiana Code § 35-2.1-2-3 *et seq.* (Burns 1975) is the Uniform Criminal Extradition Act. Paragraph 5 reads:

"A warrant of extradition shall not be issued unless the documents presented by the executive authority making the demand show that:

(a) . . . [t]he accused was present in the demanding state at the time of the commission of the alleged crime, and thereafter fled from the state;

(b) The accused is now in this state, and

(c) He is lawfully charged by indictment found or by information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of a crime in that state and has escaped from confinement or broken his parole."

The warrant of the Governor of Indiana includes a request for extradition from the Governor of Kentucky. That document states formally that appellant was in Kentucky at the time of the commission of the crime, is now in Indiana, and is a fugitive from Kentucky. It states that appellant stands charged by indictment with the crime of theft by unlawful taking or disposition, committed in Jefferson County, Kentucky. In addition, the Governor's warrant includes an authenticated copy of the grand jury indictment which charges him with theft by unlawful taking or disposition, K.R.S. 514.030(1)(a). It charges that appellant, on January 20, 1975, unlawfully took control of $1000.00 in cash which belonged to Floydene Hogue. The indictment notes that this crime is a class D felony. Finally, the Indiana Governor's warrant also includes an Application for Requisition, a sworn statement which recites that appellant, on January 20, 1975, committed a crime in Jefferson County, Kentucky, and, on the basis of reliable information, is believed by the affiant, the prosecuting attorney in Kentucky, to be in Evansville, Indiana. It states that appellant is charged by indictment with theft by unlawful taking or disposition, in violation of K.R.S. 514.030, committed on January 20, 1975, in Jefferson County, which charge is now pending in the Jefferson Circuit Court, Criminal Division. On the basis of these formal statements and specific statements made in documents signed by the

Governor of Kentucky, the grand jury foreman, and the prosecuting attorney respectively, the Governor of Indiana could issue a warrant. These documents satisfied the statutory requirements and their purpose: to ascertain whether the requesting state has a valid charge pending against appellant. The merits of the charge are not an issue in the extraditing state. *Bailey* v. *Cox*, (1973) 260 Ind. 448, 296 N.E.2d 422; *Sumner* v. *Lovellette*, (1970) 253 Ind. 675, 256 N.E.2d 681; Ind. Code § 35-2.1-2-3.

Appellant includes in this argument a contention that the documents do not show that the crime charged is a felony, as required by 35-2.1-2-3, paragraph 2. The indictment notes that the crime is a class D felony, punishable by one to five years imprisonment. This Court will take judicial notice of the statutes of every state. Ind. Code § 34-3-2-1 and 2 (Burns 1973); Ind. R. Tr. P. 44.1. We note that K.R.S. 514.030 (Baldwin 1975) sets out the crime charged here and K.R.S. 514.030(2) provides that the crime is a misdemeanor, unless the person takes $100.00 or more, when it is a class D felony.

Appellant filed his petition for a writ of habeas corpus, pursuant to Ind. Code § 34-1-57-2 (Burns 1973), on September 22, 1975, alleging the inadequacy of the documents supporting the request of the Governor of Kentucky. On November 6, 1975, when the State filed its extradition papers, appellant filed his exceptions to the sheriff's return and a motion to quash the return.

In the record, we find only appellant's petition for the writ. We do not find a writ of habeas corpus granted by the Vanderburgh Superior Court, Ind. Code § 34-1-57-3, and directed to the sheriff of Vanderburgh County, Ind. Code § 34-1-57-5. There being no writ in the record, there cannot be a return, Ind. Code § 34-1-57-9.

Appellant's argument on appeal is that he should be discharged for the failure of the sheriff to sign and verify the return, to state "the authority or cause of the restraint" of

appellant, and to produce the original of the written grant of authority at the habeas corpus hearing, all as required by Ind. Code § 34-1-57-10.

When a person "restrained of his liberty" wishes to "inquire into the cause of the restraint," he may prosecute a writ of habeas corpus, so that he may be released if the restraint is illegal. Ind. Code § 34-1-57-1. He applies for the writ, Ind. Code § 34-1-57-2, which the court must grant without delay, Ind. Code § 34-1-57-3. The court clerk delivers the writ to the sheriff, Ind. Code § 34-1-57-6, who must make immediate return of it. If he refuses to make the return, the court will enforce obedience by attachment. Ind. Code § 34-1-57-9. The sheriff will then execute the writ by bringing the person named in it into court for the hearing on the legality of the restraint.

From the record, it is not clear whether the trial court granted a writ of habeas corpus in response to appellant's petition. However, the court proceeded as if it had done so. It held a hearing on November 10, 1975, at which appellant was present, and it heard appellant's objections to the documents presented, which set out the authority and cause of appellant's restraint, as discussed in section one. Appellant was not denied the rights conferred by the grant of the writ and the return. We find no error or defect in the proceedings on habeas corpus which affected the substantial rights of appellant. Ind. R. Tr. P. 61.

Appellant argues also that the evidence presented to the trial court did not show that he was the person wanted on the Kentucky charge. At the second hearing, on November 20, 1975, the complaining witness, Floydene Hogue, testified that she was the complainant, that she knew and recognized appellant as the person who had taken her money, and that he was charged in the theft case in Kentucky. She pointed appellant out in the courtroom. Appellant in his brief states that that was all the evidence of identification.

That is certainly sufficient identification. This Court has held before that where the evidence shows that the name of

the person requested by the demanding state is the same as that of the defendant, a prima facie case of identity is established, and the defendant has the burden of rebutting the presumption by affirmative evidence. *Notter* v. *Beasley,* (1960) 240 Ind. 631, 166 N.E.2d 643; *Meek* v. *State,* (1975) 262 Ind. 618, 321 N.E.2d 205; *Bailey* v. *Cox, supra.* Here, Floydene Hogue identified appellant as Wathen Buddy Masden, and that was the name on the documents from Kentucky.

Appellant also argues that the evidence presented to the trial judge did not show that appellant was lawfully charged with any crime in Kentucky. He argues that the State did not offer into evidence the Indiana Governor's warrant, which included the relevant Kentucky documents showing that appellant was charged with a crime.

At the November 10th hearing, each of the parties repeatedly referred to certain documents and certain sentences from the documents included in the Governor's warrant in making their arguments. And, the court indicated in its final statement that it would look at the papers before it. Appellant waived any error in not having the papers formally put into evidence by failing to object at the hearing and using them himself as if they were in evidence. As we have discussed above, there was sufficient probative evidence of the felony charge against appellant in Kentucky.

We find no error in the trial court's refusal to release appellant after the habeas corpus hearing. Trial court affirmed.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 355 N.E.2d 398.