**Brian W. ROBERTSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 29S00–9105–CR–346.**

Supreme Court of Indiana.

March 5, 1992.

Rehearing Denied May 7, 1992.

Gerald M. DeWester, Noblesville, for appellant.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

The Governor of Michigan certified and forwarded his request for the extradition of appellant to the Governor of Indiana who in turn issued his warrant for the arrest and detention of appellant for the purpose of extradition to Michigan. The trial court received the Governor's warrant and issued an arrest warrant to the Sheriff of Hamilton County.

Following his arrest, appellant filed a petition for writ of habeas corpus, which was granted by the trial court. The Sheriff of Hamilton County was ordered to produce appellant in court for hearing, which he did. At the hearing, appellant filed a motion for discharge on the ground that the Sheriff did not file a return to the writ of habeas corpus. It is true that Ind.Code

§ 34-1-57-9 requires an immediate return be filed by the custodial officer.

However, in a very similar case, this Court observed that where the authority for holding the prisoner is based upon a governor's warrant for extradition, the cause for the restraint is well known to the court issuing the warrant for arrest and to the person being arrested. ·Thus there is not the necessity for the filing of a return which one may find in other circumstances leading to habeas corpus. *Masden v. State* (1976), 265 Ind. 428, 355 N.E.2d 398.

In the case at bar, the trial court was apprised of the nature of the case and the authority for appellant's arrest. The governor's warrant and its appended papers in fact were available to all concerned when the Sheriff, pursuant to the writ of habeas corpus, produced appellant in open court. As this Court said in *Masden* at 432, 355 N.E.2d at 401, "Appellant was not denied the rights conferred by the grant of the writ and the return." Had the Sheriff of Hamilton County in fact filed a return, it would have consisted almost entirely of the governor's warrant and would have conveyed no new information to either the court or appellant. We find no reversible error in the sheriff's failure to file a return.

Appellant claims there is insufficient evidence to support the trial court's granting of extradition. We have held previously that extradition is not a criminal trial, and the normal rules of evidence do not apply. *Holland v. Hargar* (1980), 274 Ind. 156, 409 N.E.2d 604; *Bailey v. Cox* (1973), 260 Ind. 448, 296 N.E.2d 422. The only issue before the court on an extradition proceeding is the authenticity of the warrant and identity of the person. His guilt or innocence is not an issue in the asylum state. *Holland, supra.*

Appellant raises several issues concerning the question of how much time he was required to serve on a sentence in the State of Michigan and whether there was proof that he escaped from custody after his convictions. Among other things, he claims the notary attaching his jurat to supporting affidavits did not state his county of residence as required by Indiana law. These affidavits were issued according to the law of Michigan and were not required to comply with the law in Indiana. The Governor of Michigan has certified the papers to be in order.

The only issue to be determined in this State is whether the papers certified by the Governor of Michigan state that appellant had been convicted of a crime and incarcerated and escaped from that incarceration in the State of Michigan. Identification was supported by fingerprints taken in the State of Michigan and compared with fingerprints taken in Indiana. Any question as to whether appellant actually escaped or how much time he was to serve in Michigan is not a matter to be determined in Indiana. Appellant may have his day in court on these subjects upon his return to Michigan.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.