Ollie Hugh **SMITHEY**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–9801–CR–7.

Court of Appeals of Indiana.

May 22, 1998.

---

C. Jerome Smith, Salvadore Vasquez, Law Office of C. Jerome Smith, Hammond, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Gregory J. Ullrich, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Ollie Hugh Smithey appeals the denial of his writ of habeas corpus protesting his extradition to Louisiana to serve a 297–year sentence following his 1983 convictions in Louisiana. Smithey's sole contention on appeal is that he is not a fugitive from justice because he did not flee from Louisiana. The evidence relevant to the appeal is recited below.

In 1983 Smithey was sentenced to a 297–year term of imprisonment in Concordia Parish, Louisiana. The record does not disclose how Smithey left Louisiana and was sent to Illinois to complete a sentence for a robbery committed in Illinois. Smithey alleges in his Brief of Appellant that Louisiana sent him to Illinois to complete a term of imprisonment there. A detainer issued by Concordia Par-

ish, Louisiana was filed in Illinois on March 23, 1983.

Smithey was granted parole and released from incarceration in Illinois in 1987. Smithey resided in Indiana. Accordingly, his parole was monitored in Indiana. In April 1992, pursuant to an order from the Illinois Parole Board, he was released from parole.

In August 1997, Indiana filed a fugitive charge stemming from Smithey's convictions in Louisiana. A warrant was issued for Smithey's arrest. Smithey appeared before the court and was notified of the charge and his rights guaranteed by the Uniform Criminal Extradition Act. IND.CODE § 35–33–10–3(5)(c) (1993 Ed.) On November 6, 1997, the Indiana Secretary of State[1] filed a warrant of extradition demanding Smithey's arrest and detention as a fugitive from justice. On November 7, 1997, the warrant of extradition was served upon Smithey.

Smithey asserted his desire to contest the legality of the warrant. He was given until November 10, 1997, to file a writ of habeas corpus. On that date, Smithey filed his verified petition for a writ of habeas corpus. A hearing was held on the writ on December 5, 1997. The writ was denied; however, a stay of Smithey's release to Louisiana was granted. This appeal ensued.

The substance of Smithey's contention in his petition for a writ of habeas corpus is that he did not "flee" from Louisiana and as such is not a "fugitive from justice." His contention on appeal is essentially the same.

In pertinent part, the Extradition Act provides:

A warrant of extradition shall not be issued unless the documents presented by the executive authority making the demand show that:

(a) except in cases arising under subsection 7 of this section, the accused was present in the demanding state at the time of the

---

1. Peppered throughout IND.CODE § 35–33–10–3, the Uniform Criminal Extradition Act, are references to demands and acts by the governor. The act specifies that "the term 'governor' includes any person performing the functions of governor by authority of the law of this state." IND.CODE § 35–33–10–3(1). The secretary of state attests

to all official acts and proceedings of the governor and is the keeper of the records of such acts. IND.CODE § 4–5–1–3 (1993 Ed.). Smithey does not raise any issue with regard to the secretary of state's role in the extradition process. Further, pursuant to the relevant statutes, we do not perceive a problem.

commission of the alleged crime, and thereafter fled from the state;

(b) the accused is now in this state; and

(c) he is lawfully charged by indictment found or by information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of a crime in that state and has escaped from confinement or has broken the terms of his bail, probation, or parole, *or that the sentence or some portion of it otherwise remains unexecuted and that the person claimed has not been discharged or otherwise released from the sentence.*

IND.CODE § 35–33–10–3(5)(a-c) (emphasis added).

The section specifically contemplates extradition of a defendant who has not completed a term of imprisonment. By the fact that the term has not been completed and no reversal of the conviction has been granted, the defendant is a fugitive from justice without the act of fleeing. Thus, while the record is sketchy as to the circumstances under which Smithey was made available to Illinois, even without assuming that Smithey fled Louisiana, he remains a fugitive from justice in Louisiana.

In *Robertson v. State*, 587 N.E.2d 117, 118 (Ind.1992), the defendant alleged that there was insufficient proof that he escaped from custody after his convictions. Our supreme court reiterated that the "only issue before the court on an extradition proceeding is the authenticity of the warrant and identity of the person." Here, Smithey does not complain that the warrant is not authentic or that he is not the person convicted and sentenced to a 297–year term of imprisonment in Louisiana. Accordingly, the denial of Smithey's writ of habeas corpus is affirmed.

Affirmed.

RUCKER and MATTINGLY, JJ., concur.