John MANN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 15A05–0012–CR–512.

Court of Appeals of Indiana.

Aug. 3, 2001.

Sarah L. Nagy, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

John Mann appeals his conviction for Operating While Intoxicated (OWI) with a previous conviction, a Class D felony.[1]

---

1. Ind.Code § 9–30–5–3.

Mann contends that the State failed to produce sufficient evidence to support his conviction. He also asserts that the State failed to authenticate documents concerning an alleged prior conviction from Ohio and that these documents were inadmissible hearsay. Finally, Mann asserts that his conviction should not have been enhanced to a Class D felony because the State failed to prove that he had previously been convicted of OWI under a similar statutory scheme to that of Indiana. We find that there was sufficient evidence to support that Mann was intoxicated where he scored .10 on the breath test, failed several sobriety tests, and drove erratically. Also, we conclude that the evidence of the prior conviction from Ohio was properly authenticated and admitted, and that Mann was convicted of OWI under a similar statutory scheme. Thus, we affirm.

### Facts and Procedural History

Mann was traveling in his van around 10:30 p.m. when Officer Brian Miller of the Lawrenceburg Police Department noticed that the van was weaving back and forth and straddling two traffic lanes. Officer Miller saw the van nearly strike other vehicles. He then stopped the van and saw Mann behind the wheel. Officer Miller observed that Mann's eyes were bloodshot and that he smelled of alcohol. Mann admitted to drinking three beers that evening and agreed to submit to field sobriety tests. As Mann was exiting the van, he either tripped or staggered and had to catch his balance.

Officer Miller administered several field sobriety tests. Mann failed the finger count test, finger to nose test, backward count test, and the walk and turn test. Mann passed the Rhomberg balance test. Then, Mann agreed to take a breath test,

and he registered .10 on the test. Mann was arrested, and charged with the following four counts: Count I, OWI, as a Class A misdemeanor;[2] Count II, OWI with a BAC level of .10 or above, as a Class C misdemeanor;[3] Count III, OWI with a prior conviction, as a Class D felony; and Count IV, OWI with a BAC level of .10 or above with a prior conviction, as a Class D felony.[4] After a jury trial, Mann was found guilty on all counts. The trial court merged all counts into Count III. The court only entered judgment on this count and sentenced Mann to three years' imprisonment. Mann now appeals.

### Discussion and Decision

Mann argues that there was insufficient evidence to support his conviction. Further, he claims that the evidence of his prior conviction in Ohio was not properly authenticated and was inadmissible hearsay. Finally, Mann contends that his conviction should not have been enhanced to a Class D felony because the State failed to prove that he has a prior OWI conviction under a statutory scheme similar to that of Indiana. We address each argument in turn.

### I. Sufficiency of the Evidence

First, Mann contends that the State failed to provide sufficient evidence to support his OWI conviction. Specifically, he asserts that there was no evidence that he was impaired because he passed one field sobriety test, he was compliant and orderly, and Officer Miller was not certified to and did not give a particular field sobriety test to Mann.

When reviewing sufficiency of the evidence, we neither reweigh the evidence nor assess witness credibility. *Weaver v. State*, 702 N.E.2d 750, 752 (Ind.

---

**2.** Ind.Code § 9–30–5–2.

**3.** Ind.Code § 9–30–5–1.

**4.** Ind.Code § 9–30–5–3.

Ct.App.1998). We look solely to the evidence most favorable to the verdict together with all reasonable inferences to be drawn therefrom. *Id.* at 752–53. If the probative evidence and the reasonable inferences to be drawn from the evidence could have permitted a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt, then we will affirm. *Id.* at 753.

To convict Mann, the State had to prove that he operated a motor vehicle while intoxicated. I.C. § 9–30–5–2. Intoxicated is defined as "under the influence of: (1) alcohol ... so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to an extent that endangers a person." Ind.Code § 9–13–2–86. Mann asserts that his conviction should be reversed because the State only produced evidence of intoxication through his breath test. He cites *Warner v. State*, 497 N.E.2d 259, 262 (Ind. Ct.App.1986), to support the proposition that the State must show evidence of impairment and that a BAC of .10 or more is not sufficient by itself to establish that a driver is intoxicated.

▆▆ Intoxication may also be established through evidence of consumption of significant amounts of alcohol, impaired attention and reflexes, watery or bloodshot eyes, an odor of alcohol on the breath, unsteady balance, failed field sobriety tests and slurred speech. *Ballinger v. State*, 717 N.E.2d 939, 943 (Ind.Ct.App.1999). Here, the State introduced evidence other than the BAC test result as proof of Mann's impairment. In particular, Officer Miller witnessed Mann's van weaving and straddling two lanes, nearly hitting other vehicles. Mann's eyes were bloodshot and he smelled of alcohol. Further, Mann tripped or staggered as he exited his vehicle, and Mann failed four field sobriety tests. Mann's claim that he was compliant

and orderly and that Officer Miller was not certified to give him another field sobriety test amounts to an invitation to reweigh the evidence. This we will not do. Thus, the State presented sufficient evidence to support Mann's conviction.

## II. Authentication

Next, Mann argues that the State failed to authenticate documents concerning an alleged prior conviction from Ohio and that these documents were inadmissible hearsay. The trial court admitted State's Exhibit 5, which consisted of a traffic ticket showing that Mann was charged with operating a vehicle with a concentration of ten-hundredths of one gram by weight of alcohol per two hundred ten liters of breath and a journal entry showing that Mann was found guilty and the imposed sentence.

Before evidence may be admitted, proof must be given that the matter in question is what its proponent claims. Ind. Evidence Rule 901(a). Indiana Evidence Rule 901(b)(1) provides that evidence may be authenticated by testimony of a witness with knowledge that a matter is what it is claimed to be. Further, Indiana Evidence Rule 901(b)(10) states that evidence may be authenticated by any other method provided by the Indiana Supreme Court, statute, or our constitution. One such method is found in Indiana Trial Rule 44(A)(1), which allows for an official record kept within the United States to be authenticated by a public officer who has official duties in the district where the record is kept. Specifically, Rule 44(A)(1) reads,

An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, ... when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of

the record, or by his deputy. Such publication or copy need not be accompanied by proof that such officer has the custody. Proof that such officer does or does not have custody of the record may be made by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having the seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office.

■ Here, the State authenticated the documents comprising State's Exhibit 5 with the testimony of Mark Gramaglia, who is a deputy clerk from the Ohio court that convicted Mann. This meets the requirements of both Evidence Rule 901(b) and Trial Rule 44(A)(1).

■ Mann concedes that State's Exhibit 5 was properly authenticated under these rules, but he maintains that Indiana Code § 34–39–4–3 controls the authentication of an official record from another jurisdiction. The statute discusses the admissibility of records from foreign jurisdictions. It reads that records from other jurisdictions "shall be admitted in Indiana courts as evidence when authenticated by attestation or certificate of the clerk or prothonotary. . . ." Mann argues that because the documents were signed by a deputy clerk and not by the clerk personally, the documents were not properly authenticated. This argument fails. We hold that meeting the requirements of both Evidence Rule 901(b) and Trial Rule 44(A)(1) is sufficient to authenticate court documents from other states. Here, Deputy Clerk Gramaglia, who is entrusted with official duties in his district, testified at trial that the documents were what the State purported them to be, and this is sufficient to authenticate the documents.

Mann argues in his brief that even if the documents were properly authenticated, they are inadmissible hearsay. However, he concedes in his reply brief that the documents fall under the public records exception to the hearsay rule found in Indiana Evidence Rule 803(8). Thus, we need not address this contention.

### III. Enhancement

Finally, Mann claims that the State failed to provide evidence that he had previously been convicted of OWI under a similar statutory scheme. Thus, he asserts that his conviction for OWI as a Class D felony may not stand.

Indiana Code § 9–30–5–3 serves to enhance an OWI conviction from a Class A misdemeanor to a Class D felony if a person has a previous conviction within the past five years. The term "previous conviction" is defined in Indiana Code § 9–13–2–130. Specifically, that section reads,

"Previous conviction of operating while intoxicated" means a previous conviction: (1) in Indiana . . . or (2) in any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a crime described in IC 9–30–5–1 through IC 9–30–5–9.

In particular, Mann asserts that the State had the burden of proving that the Ohio statute under which he was previously convicted is substantially similar to Indiana's OWI statutes. During trial, Mann's attorney asked that the court take judicial notice of the relevant Ohio statute. His attorney requested a directed verdict and stated, "I ask for any judicial notice of Ohio statutes so the jury can compare, take a look at that, what the elements of the offense were. . . ." Record at 426. The trial court replied,

That would be an issue of law, not an issue of fact for the jurors. At this

point in time that can be, well, I'm not going to grant the directed verdict and the arguments that you can bring up can be argued in closing argument. Another chance to try and persuade the jury but the Court's not going to grant the directed verdict at this time.

Record at 427. After this exchange, the State and Mann presented closing arguments in which they discussed whether the State proved that the Ohio statute was substantially similar to Indiana's OWI statutes.

Under the Notice of Foreign Law Act ("the Act"),[5] the determination of foreign law shall be made by the court and not by the jury. Ind.Code § 34–38–4–3; *Revlett v. Louisville & N.R. Co.*, 114 Ind. App. 187, 51 N.E.2d 95, 98 (1943), *reh'g denied.* Further, the Act applies to both civil and criminal cases. *See Yurina v. State*, 474 N.E.2d 93, 97 (Ind.1985); *Masden v. State*, 265 Ind. 428, 355 N.E.2d 398, 400 (1976). We will review questions of law under a *de novo* standard and owe no deference to a trial court's conclusions. *South Bend Tribune v. South Bend Cmty. Sch. Corp.*, 740 N.E.2d 937, 938 (Ind.Ct. App.2000).

The Act provides that Indiana courts shall take judicial notice of the common law and statutes of every state, territory and other jurisdictions in the United States. I.C. § 34–38–4–1. Furthermore, the court may inform itself of the foreign laws in question and may ask counsel to aid the court in obtaining this information. Ind.Code § 34–38–4–2. Finally, although a court may seek assistance from a party to inform itself of the foreign law, there is no factual burden on a party to prove the foreign law. *Harvest Ins. Agency, Inc. v. Inter-Ocean Ins. Co.*, 492 N.E.2d 686, 691 (Ind.1986).

In the instant case, Mann's trial counsel requested that the court take judicial notice, but the court did not do so. Although the trial court correctly noted that the determination of foreign law is a question of law for the court, it seemed to place the question of whether the two statutes in questions were substantially similar before the jury for consideration. We conclude that the trial court should have taken judicial notice of the Ohio statute and determined that the statute was substantially similar to Indiana's OWI statutes. Mann was charged and convicted under Ohio Revised Code § 4511.19(A)(3), which provides in relevant part:

> (A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
>
> * * *
>
> (3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath.

This provision is substantially similar to Indiana's version of this statute, Indiana Code § 9–30–5–1, which read at the time:

> A person who operates a vehicle with an alcohol concentration equivalent to at least ten-hundredths (.10) gram of alcohol but less than fifteen-hundredths (.15) gram of alcohol per:
>
> * * *
>
> (2) two hundred ten (210) liters of the person's breath; commits a Class C misdemeanor.

Because the trial court should have taken judicial notice of the Ohio statute and declared that the Indiana and Ohio statutes are substantially similar, we uphold

---

5. Ind.Code § 34–38–4–1 *et. seq.*

Mann's conviction for OWI as a Class D felony.[6]

Judgment affirmed.

ROBB, J., and BROOK, J., concur.

---

**6.** Mann also argues that the trial court erred in allowing the State to amend the charging information on the day of trial and in instructing the jury with respect to the other counts charged. However, because the trial court merged these counts and only one judgment was entered, we need not address these claims. *See Carter v. State,* 750 N.E.2d 778, 781 (Ind.2001).