**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**MARSHALL JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MARSHALL JACKSON, ) | |
| ) | |
| Appellant-Petitioner, ) | |
| ) | |
| vs. ) | No. 49A02-1112-MI-1199 |
| ) | |
| BECKIE BENNETT, ) | |
| ) | |
| Appellee-Respondent. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Tim Oakes, Judge
Cause No. 49D13-1107-MI-26961

**August 13, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Marshall Jackson appeals the trial court's denial of his petition for a writ of habeas corpus against Becky Bennett, Superintendent of the Indianapolis Re-Entry Education Facility. We affirm.

## Issues

Jackson raises three issues, which we consolidate and restate as:

I.    whether the trial court properly ordered Bennett to file a more responsive brief and denied Jackson's motion to strike that second brief; and

II.    whether the trial court properly denied Jackson's petition for a writ of habeas corpus.

## Facts

On January 29, 1980, Jackson was convicted of murder and sentenced to sixty years. On June 19, 1980, Jackson was convicted of attempted murder and robbery and found to be an habitual offender. He received an aggregate sentence of seventy years in the second case with jail time credit of 403 days. Although the two sentences were initially ordered to be served consecutively, in 1996, they were ordered to be served concurrently, resulting in a total sentence of seventy years.

Jackson started his incarceration in Class I credit time, meaning that he earned one day of credit time for each day served in jail. Ind. Code § 35-50-6-3(a). However, throughout his incarceration, he was repeatedly demoted to Class II and Class III credit time due to his conduct and later promoted to higher credit time levels. He was also repeatedly deprived of credit time due to his conduct but eventually earned back some of

2

that time. Jackson earned additional credit time by completing his associate's degree, his bachelor's degree, and a substance abuse program.

In July 2011, Jackson filed a petition for a writ of habeas corpus, claiming that the prison officials had miscalculated his credit time and that he was entitled to immediate release from his incarceration. Bennett filed a "Response to Petition," alleging that Jackson was not entitled to release until March 6, 2013, and requesting a hearing on the matter. Appellee's App. p. 4. Jackson then filed his "Exceptions to Return" and a memorandum of law in support of his "Exceptions." Id. at 6-12. Jackson alleged that Bennett's "Return" was insufficient because it did not include a credit time calculation and that he was entitled to immediate release. Id. at 7. Jackson then filed a "Motion for Court to Render Judgment." Appellant's App. p. 2. The trial court issued an order denying Jackson's motion, ordering Bennett to "submit a more responsive brief," and denying Bennett's request for a hearing at that time. Id.

Jackson then filed "Objections," arguing in part that Bennett's response to his petition was a return, that the return was insufficient, and that an amended response violated Indiana Trial Rule 15(A). According to Jackson, because Bennett's initial response to his petition was inadequate, he was entitled to be released. Bennett filed a response to Jackson's "Objections." Bennett argued that, pursuant to Masden v. State, 265 Ind. 428, 431, 355 N.E.2d 398, 401 (1976), no writ had been issued and, therefore, no return was due under Indiana Code Chapter 34-25.5-3. Bennett also filed a brief in response to Jackson's petition for writ of habeas corpus. Bennett submitted supporting documentation to show that Jackson was not entitled to immediate relief because he had

3

repeatedly been demoted to a lower credit time class and had repeatedly been deprived of earned credit time due to his behavior. According to Bennett, Jackson was now scheduled to be released on parole on December 9, 2012. The trial court issued an order denying Jackson's "Objections/Reconsideration." Appellee's App. p. 66. The trial court found that, based on Masden, no return was due because no writ had yet been issued. The trial court concluded that "the underlying basis for petitioner'[s] objections and requests that are in essence motions for entry of default is wrong." Id.

Jackson then filed a "Response to Order Denying Objections and Reconsideration," arguing that the word "return" was used interchangeably with "answer" and "response" and that Bennett was not entitled to amend her answer/response. Id. at 67-71. Jackson argued that the trial court did not have "subject-matter jurisdiction to rule on any of the subsequent tainted filings by" Bennett and that Bennett's "cross-claim" was a "nullity." Id. at 69-70. Jackson asked that the trial court strike Bennett's second response to his petition.

Jackson then filed a "Motion to Strike Amended Response and Request for Judgment on the Pleadings." Appellant's App. p. 19. Jackson again argued that Bennett's "response" to his petition was a "return," that Bennett could not amend her response, and that Bennett's second response should be stricken. Jackson set out a credit time calculation, but he did not include his deprivation of credit time or his demotions to lower credit time classifications in the calculation.

The trial court issued an order denying Jackson's petition for writ of habeas corpus. The trial court found that Jackson "has been given credit time for all that he is

4

entitled, and but for [Jackson's] own behavior, he would already have been released from custody." Id. at 4. The trial court also denied Jackson's motion to strike and his request for judgment on the pleadings. Jackson now appeals.

**Analysis**

*I. Motion to Strike*

The first issue is whether the trial court properly ordered Bennett to file a more responsive brief and denied Jackson's motion to strike that second brief. Jackson argues that Bennett's initial response to his petition was a return, that it was insufficient, that Bennett was not entitled to file an amended return, and that he was entitled to judgment on the pleadings.[1]

Pursuant to Indiana Code Section 34-25.5-1-1, "Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of a writ of habeas corpus is to determine the lawfulness of custody or detention of the defendant and may not be used to determine collateral matters not affecting the custody process." Hardley v. State, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). "A defendant is entitled to a writ of habeas corpus if he or she is unlawfully incarcerated and is entitled to immediate release." Id. "We review the trial court's habeas decision for an abuse of discretion." Id. "Without reweighing the evidence, this

---

[1] Jackson also refers to Bennett's filing as a "cross-claim." A cross-claim is a claim by one party against a coparty and is inapplicable here. Ind. Trial Rule 13(G); see 23 INDIANA LAW ENCYCLOPEDIA, Pleading, Discovery, and Pretrial Practice § 70.

5

court considers only that evidence most favorable to the judgment and reasonable inferences drawn therefrom." Id.

After a petition or application for writ of habeas corpus is filed, a writ of habeas corpus may be granted by the trial court. I.C. § 34-25.5-2-2. Such a writ "shall be directed to the office or party restraining the applicant, commanding the party to have the applicant before the court or judge, at the time and place the court or judge directs, to do and receive the court's order concerning the applicant." I.C. § 34-25.5-2-4. Indiana Code Section 34-25.5-2-2(b) provides that, "[u]pon application, a writ granted under [Indiana Code Section 34-25.5-2-2(a)] shall be granted without delay."

Once the writ is served, the "sheriff or other person to whom the writ is directed shall return the writ immediately and if the person to whom the writ is directed refuses after due service to return the writ, the court shall enforce obedience by attachment." I.C. § 34-25.5-3-4. Indiana Code Section 34-25.5-3-5 governs the "return" and provides:

> The return must be signed and verified by the person making it, who shall state the following:
>
> (1) The authority or cause of the restraint of the applicant in the custody of the person to whom the writ is directed.
>
> (2) If the authority is in writing, the person to whom the writ is directed shall return a copy and produce the original at the hearing.
>
> (3) If the person to whom the writ is directed has had the applicant in custody or under restraint, and has transferred the applicant to another, the person to whom the writ is directed shall state to whom, the time, place, and cause of the applicant's transfer.

6

> The person to whom the writ is directed shall produce the applicant at the hearing unless prevented by sickness or infirmity, which must be shown in the return.

The applicant for the writ may: "(1) except to the sufficiency of, or controvert the return, or any part of the return; or (2) allege any new matter in avoidance." I.C. § 34-25.5-4-2. "The return and pleadings may be amended without causing any delay." Id. Additionally, the trial court "shall proceed in a summary way to hear and determine the cause." I.C. § 34-25.5-4-3.

Jackson argues that Bennett's initial "Response to Petition," which was filed in response to his petition for writ of habeas corpus, was a "return." However, our supreme court rejected a similar argument in Masden v. State, 265 Ind. 428, 355 N.E.2d 398 (1976). There, the defendant filed a petition for writ of habeas corpus, and when the State filed its extradition papers, the defendant filed his "exceptions" to the return.[2] Masden, 265 Ind. at 431, 355 N.E.2d at 401. Our supreme court found that no writ was issued by the trial court and "[t]here being no writ in the record, there cannot be a return." Id., 355 N.E.2d at 401. Further, the court held that the trial court proceeded as if it had granted a writ, that the defendant "was not denied the rights conferred by the grant of the writ and the return," and that the defendant's substantial rights were not affected. Id. at 432, 355 N.E.2d at 401. Similarly, here, the record does not reflect that the trial court issued a writ. Without a writ, "there cannot be a return." See id. at 431, 355 N.E.2d at 401.

---

[2] Although the statute dealing with habeas corpus has been recodified since Masden, the procedures are the same now as when Masden was decided. See I.C. Chap. 34-1-57 (repealed by P.L. 1-1998, § 221).

Moreover, even if Bennett's response was a return, the statutes governing habeas corpus proceedings allow the amendment of a return. See I.C. 34-25.5-4-2. Jackson argues that Bennett was not allowed to amend her pleading under Indiana Trial Rule 15(A), which provides:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty [30] days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires.

Bennett's second response was filed after the trial court ordered her to submit "a more responsive brief." Appellant's App. p. 2. To the extent the trial court's order for Bennett to file a "more responsive brief" was an order to amend a return, clearly Bennett had "leave of court" to file the amendment.

The trial court did not abuse its discretion when it ordered Bennett to file "a more responsive brief." Further, the trial court did not abuse its discretion by denying Jackson's motion to strike Bennett's brief and accompanying documentation regarding Jackson's credit time and release date. The trial court properly considered that documentation in ruling on Jackson's petition for writ of habeas corpus.

## II. Denial of Petition

Jackson next argues that the trial court erred by denying his petition for a writ of habeas corpus. According to Jackson, Bennett's second response and accompanying documentation were a "nullity," "unauthorized," "void," and deprived the trial court of

subject matter jurisdiction.[3]  Appellant's Br. p. 2, 3, 5, & 16.  Jackson argues that, without the second response, the trial court should have granted his petition for a writ of habeas corpus.

We have already held that the trial court properly considered Bennett's second response and its accompanying documentation of Jackson's credit time and release date. Bennett's documentation shows that Jackson was repeatedly deprived of credit time and demoted to lower credit time classifications due to his behavior.  Taking into account the deprivations of credit time, demotions in credit time classifications, restorations of some of the deprived credit time, promotions in credit time classifications, and additional credit time for educational purposes, Bennett calculated Jackson's release date as December 9, 2012.[4]  On appeal, Jackson acknowledges in his statement of the facts that he has behavior-related credit time issues.  However, Jackson's calculation of his release date does not take those issues into account.  Given Jackson's failure to acknowledge his behavior-related credit time issues and Bennett's calculation of Jackson's credit time, we conclude that the trial court properly denied Jackson's petition for writ of habeas corpus.

## Conclusion

The trial court properly denied Jackson's motion to strike and petition for writ of habeas corpus.  We affirm.

---

[3] Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs.  K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006).  The trial court had the power to hear and determine Jackson's petition for writ of habeas corpus, and that subject matter jurisdiction was not affected by the second response from Bennett.

[4] Jackson argues that his release date has changed to November 9, 2012, because he completed an additional substance abuse program and received thirty credit time days.

9

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.